2008 ND 93

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Edward Dana CURTIS, Defendant and Appellant.**

No. 20070249.

Supreme Court of North Dakota.

May 15, 2008.

 

Cherie LaVonne Clark, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Daniel James Borgen, Grand Forks Public Defender Office, Grand Forks, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Edward Curtis appeals the district court's judgment entered after a jury found him guilty of harassment. Curtis argues there was insufficient evidence to support the conviction and the offending communication is constitutionally protected free speech. We affirm the district court's judgment.

I

[¶ 2] The facts are undisputed by the parties. On November 22, 2006, Edward Curtis sent a facsimile to many North Dakota attorneys and judges. The heading of the facsimile indicates it is "To: Jeanette Boechler." Boechler, an attorney in Fargo, received the facsimile and understood that it was intended solely for her. She was disturbed by the content of the facsimile, including the statement:

"You might be a wall trophy for a screwed victim. It is 100% In your court on when or how I get paid but It will be cash and In your best interest, BEFORE CHRISTMAS. The system has destroyed your minds and it will cost 20 million dollars to fix them BEFORE Christmas or a lot more after. You have 2 choices on how this overthrow happens, It can be peaceful and the money put to good use for the reeducation of this state or It can go another way until you people are trophy mounts on your victims walls."

Boechler testified she felt threatened with physical harm. The facsimile also included a six page "decloration of eveloution" (sic), an incomprehensible statement ostensibly denouncing the legal system and the government. The facsimile indicated it was from Curtis, though Boechler was not acquainted with anyone by that name.

[¶ 3] After examining the facsimile, Boechler locked the doors to her law practice and called law enforcement. A Fargo police officer met with Boechler. Boechler requested and received a photograph of Curtis so she and other staff members could identify him in case he took further action. The officer telephoned Curtis, who admitted he had sent the facsimile and acknowledged the facsimile could be perceived as threatening. Curtis stated he sent the facsimile to numerous people, not just to Boechler. The officer advised Cur-

tis not to send any additional facsimiles to Boechler. Nonetheless, on January 11, 2007, Boechler received another facsimile from Curtis. The second facsimile was addressed "To: Boechler, Jeanette ... From: Ed Curtis." This facsimile stated, "You put more in prison than any country in the world. YOU should think on this. YOU will be held personally accountable for it. ... I do not care what happens to you. ... When this $$ system falls, YOU WILL be under the pile." Boechler testified she again felt threatened.

[¶ 4] Curtis was charged with harassment under N.D.C.C. § 12.1–17–07. Curtis pleaded not guilty, but was found guilty by a jury. Curtis appeals the judgment, arguing insufficient evidence exists to support the conviction and claiming the facsimile was constitutionally protected speech.

## II

[¶ 5] "When reviewing challenges to the sufficiency of the evidence, this Court draws all inferences in favor of the verdict." *State v. Barendt*, 2007 ND 164, ¶ 9, 740 N.W.2d 87. We reverse criminal convictions only when, "after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id.* Section 12.1–17–07, N.D.C.C., states: "A person is guilty of an offense if, with intent to frighten or harass another, the person ... [c]ommunicates in writing or by telephone a threat to inflict injury on any person, to any person's reputation, or to any property." Threats are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359, 123 S.Ct. 1536,

155 L.Ed.2d 535 (2003). Jurisdictions differ when considering how this standard is applied. *Doe v. Pulaski County Special Sch. Dist.*, 306 F.3d 616, 622 (8th Cir.2002). Some determine whether the communication would be considered a threat by a "reasonable person standing in the shoes of the speaker" while others take the point of view of a "reasonable person standing in the recipient's shoes." *Id.* This conflict has not been resolved in North Dakota, but our case law suggests the reasonable recipient test should be used. *DeMers v. DeMers*, 2006 ND 142, ¶ 13, 717 N.W.2d 545 (victim's perspective considered in situations of domestic violence).

[¶ 6] Curtis' communication rises to the level of a threat regardless of whether the reasonable recipient or reasonable sender perspective is used. The language "[y]ou have 2 choices on how this overthrow happens, It can be peaceful ... or It can go another way until you people are trophy mounts on your victims walls" may be reasonably construed as "a threat to inflict injury" on a person. A reasonable person receiving this facsimile could reasonably be frightened particularly when the facsimile appears specifically directed to that person. Even under the reasonable speaker standard, the facsimile could be found threatening. Curtis admitted the facsimile could be perceived as threatening and acknowledged his intention was to "rattle," "humiliate," "frighten," "poke and prod." Curtis sent a second facsimile after being warned not to send additional facsimiles to Boechler because she felt threatened by them. Drawing all inferences in favor of the verdict, a rational fact-finder could have found Curtis guilty beyond a reasonable doubt. *See Barendt*, 2007 ND 164, ¶ 9, 740 N.W.2d 87.

## III

[¶ 7] Whether speech is constitutionally protected is a question of law

and should not be submitted to the jury. *See Wren v. Spurlock,* 798 F.2d 1313, 1318 (10th Cir.1986), *cert. denied,* 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 145 (1987); N.D.C.C. § 12.1-31-01(2) (In disorderly conduct cases, the court is charged with determining the validity of a constitutionally protected activity argument. Constitutionally protected evidence shall be excluded.). Generally, a defendant wanting to advance a "constitutionally protected activity" argument must raise it through a motion in limine. *State v. Barth,* 2005 ND 134, ¶ 10, 702 N.W.2d 1. Evidence found to be constitutionally protected by the court is inadmissible and should be held from the jury. *Id.* In *Barth,* a defendant was ultimately allowed to raise his constitutional argument through a Rule 29, N.D.R.Crim.P., motion for judgment of acquittal. *Barth,* at ¶ 10. This Court, however, noted a motion in limine to exclude the evidence would have been "more effective." *Id.*

█ [¶ 8] Here, Curtis failed to make a motion in limine to the district court. Curtis made a Rule 29 motion at trial, but did not support the motion by arguing the communication was constitutionally protected. Instead, in reference to his Rule 29 motion, Curtis argued, "I think any person rationally reading the entire document would not take it as a threat." Several cursory remarks were made *to the jury* evoking Curtis' "entitle[ment] to express his opinion" that "in this country, speech is protected" and that the facsimile contained "protected speech." The record does not show Curtis made any effort to properly raise the issue *to the court* or to explain why the facsimile should be designated constitutionally protected speech and withheld from the jury.

█ [¶ 9] "[I]ssues not raised below, even constitutional issues, generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Parisien,* 2005 ND 152, ¶ 17, 703 N.W.2d 306. "To establish obvious error, the defendant has the burden of establishing plain error that affects substantial rights. Only constitutional error that is 'egregious' or 'grave' is subject to the obvious error rule." *Id.* Because there is little indication in the record that Curtis' facsimile would be considered constitutionally protected speech, the district court did not egregiously err by failing to raise Curtis' constitutional argument sua sponte.

█ [¶ 10] Curtis argues the appellate courts are obligated to review all issues involving constitutionally protected speech on appeal. We disagree. The standard of review for constitutionally protected speech appeals states, "When Free Speech arguments are made, the reviewing court must independently scrutinize the record to see if the charged conduct is protected." *City of Fargo v. Brennan,* 543 N.W.2d 240, 243 (N.D.1996). "[A] reviewing court has a constitutional duty to independently examine the record as a whole to assure that the 'judgment does not constitute a forbidden intrusion on the field of free expression.'" *Id.* This standard of review indicates that a lower court's determination of whether speech is constitutionally protected is fully reviewable on appeal. This standard does not, however, excuse the defendant from his burden to raise the defense to the lower court so the original determination can be made. *See Vallancey v. Hunt,* 20 N.D. 579, 585, 129 N.W. 455, 458 (1910) ("If the defendant sets up any independent defense outside the issue raised by the pleadings of the plaintiff, then he assumes the burden of proving that distinct and independent allegation.").

[¶ 11]   Curtis cites several cases he claims support our full review of his free speech claim.  These cases, however, exhibit a distinct procedural posture from that here.  In *Houston v. Hill,* 482 U.S. 451, 458, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), for example, Hill was criminally charged with "wilfully or intentionally interrupt[ing] a city policeman" under a city ordinance.  *Id.* at 454, 107 S.Ct. 2502.  After his acquittal, Hill brought a separate suit in federal district court challenging the constitutionality of the ordinance.  *Id.* at 455, 107 S.Ct. 2502.  Unlike Curtis, Hill was not raising his constitutional claim for the first time on appeal.  *See also Hurley v. Irish–American Gay,* 515 U.S. 557, 563, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995) (First Amendment claims raised at trial level); *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 892, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982) (constitutional claims raised, but rejected, at trial court level). Curtis did not raise constitutionally protected speech as a defense before the lower court and, therefore, did not preserve his constitutional argument for review by this Court.

### IV

[¶ 12]   We conclude sufficient evidence exists to support the jury's verdict and affirm the district court's judgment.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.