2008 ND 150

**Jayne HUTCHINSON and Jennifer S. Carter, Petitioners and Appellees**

v.

**Scott T. BOYLE, Respondent and Appellant.**

**Nos. 20080009, 20080010.**

Supreme Court of North Dakota.

July 28, 2008.

Leslie Johnson Aldrich, Johnson Law Office P.C., Fargo, N.D., for petitioners and appellees.

Gregory W. Liebl, Nilles, Ilvedson, Plambeck & Selbo, Ltd., Fargo, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1]  Scott Boyle appeals from a disorderly conduct restraining order prohibiting him from having contact with Jayne Hutchinson and Jennifer Carter. We reverse and remand, concluding the district court erred by failing to address and determine the validity of Boyle's constitutional claims.

### I

[¶ 2]  On October 2, 2007, Hutchinson and Carter each moved for a disorderly conduct restraining order against Boyle. Carter's affidavit stated she feared for her own and her four-year-old daughter's safety. Boyle is the daughter's father. Carter stated Boyle made harassing phone calls to her and her family, saying he was going to take his daughter away. She stated she has recorded phone messages in

which Boyle is making disparaging remarks toward her. Hutchinson's affidavit stated Boyle made an obscene gesture toward her in the courthouse on September 28, 2007, while Hutchinson was filing an affidavit in favor of Carter in the visitation dispute between Boyle and Carter. She also stated that on the evening of September 29, 2007, she observed Boyle climbing up from a second-floor balcony to the balcony of her third-floor apartment. A temporary disorderly conduct restraining order was issued by the district court on October 3, 2007.

[¶ 3] Boyle filed an affidavit responding to the claims made by Hutchinson and Carter. He stated he made the phone calls to Carter in an attempt to speak with his daughter. He is allowed to contact his daughter by telephone once per day. He stated the phone messages were constitutionally protected speech and did not threaten Carter's safety. Regarding Hutchinson, he stated he did not try to climb up to her third-floor apartment; he had cellulitis at the time and had a very swollen leg. He stated that even if he did make an obscene gesture toward Hutchinson, it was a constitutionally protected activity. Boyle also submitted a brief prior to the disorderly conduct restraining order hearing, arguing his alleged actions were constitutionally protected.

[¶ 4] A disorderly conduct restraining order hearing was held on November 8, 2007, allowing for cross-examination of the parties on their affidavits. Following the testimony of each party, the district court found that Boyle's actions toward Hutchinson and Carter constituted disorderly conduct. A one-year restraining order was issued in favor of Hutchinson, and a two-year restraining order was issued in favor of Carter. Under the order, Boyle was prohibited from: 1) having any physical contact with or coming within 100 feet of Hutchinson or Carter; 2) calling, writing, or leaving messages for Hutchinson or Carter, except through an attorney; and 3) coming within 100 feet of Hutchinson's or Carter's place of employment.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Boyle's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] On appeal, Boyle argues the district court erred in issuing the restraining order, because it failed to address his claims that his alleged actions are constitutionally permissible—specifically, the obscene gesture toward Hutchinson and the phone messages to Carter. He does not argue that climbing the balcony to Hutchinson's apartment is constitutionally protected activity. Under N.D.C.C. § 12.1–31.2–01(1), "[d]isorderly conduct does not include constitutionally protected activity." Section 12.1–31.2–01(5)(d), N.D.C.C., requires a court to address a constitutional claim before issuing a disorderly conduct restraining order:

If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.

[¶ 7] We addressed a district court's failure to address a respondent's constitutional claims in *Gullickson v. Kline*, 2004 ND 76, ¶ 20, 678 N.W.2d 138. In *Gullickson*, we concluded the district court erred when it issued a restraining order without first addressing the respondent's constitutional claims. *Id.*

[¶ 8] In this case, Boyle stated in his affidavit and also argued in a brief prior to

the disorderly conduct restraining order hearing that the obscene gesture toward Hutchinson and the phone messages to Carter were constitutionally protected. In its disorderly conduct restraining order, the district court made the following findings regarding Boyle's actions toward Hutchinson:

The Court further found that on or about September 28, 2007, Jayne Hutchinson filed an Affidavit in favor of Jennifer Carter in the visitation dispute between Jennifer Carter and Scott Boyle. At that time, the Court finds that Mr. Boyle, upon seeing Jayne Hutchinson in the hallway at the Courthouse, made an obscene gesture, essentially flipped her off.

The Court further finds that on the following evening, September 29, 2007, Jayne Hutchinson observed the cable in her television going out. She went onto her third floor apartment balcony and observed Scott Boyle with one leg, standing on the ground, one leg on the second floor balcony attempting to either go up or down to approach, she believed, her apartment. Jayne Hutchinson has reason to believe that Scott Boyle unplugged the cable TV wire.

The Court finds that those behaviors by Scott Boyle are intrusive and unwanted acts, words or gestures and they were intended to adversely affect the safety, security or privacy of Jayne Hutchinson.

The Court finds that Scott Boyle has committed disorderly conduct against Jayne Hutchinson and a restraining order is issued against Scott Boyle for a period of one year.

[¶ 9] The district court did not address Boyle's constitutional claim regarding the obscene gesture toward Hutchinson at the hearing or in the disorderly conduct restraining order. The question is, under the circumstances of this case, whether we can say with certainty the court would have issued the restraining order only for Boyle's climbing the balcony to Hutchinson's apartment. Because the court did not specify whether the order would have been issued without the obscene gesture, we conclude we cannot say with certainty the order still would have been issued.

[¶ 10] With regard to Carter, the court found the phone messages "were intended to adversely affect the safety, security or privacy of Jennifer Carter," and "that Scott Boyle has committed disorderly conduct against Jennifer Carter." The court failed, however, to address Boyle's constitutional claim regarding the phone messages to Carter. Because the court failed to address the constitutional claims regarding both Hutchinson and Carter, we do not know whether the court considered and determined the validity of Boyle's constitutional claims as required under N.D.C.C. § 12.1–31.2–01(5)(d). We therefore reverse the disorderly conduct restraining orders in favor of Hutchinson and Carter and remand to allow the district court to address Boyle's constitutional claims.[1]

III

[¶ 11] The district court's order is reversed and remanded for proceedings consistent with this opinion.

1. Although this case could have presented a potential conflict between the terms of the restraining order appearing to prohibit any contact with Carter, except through an attorney, and the visitation order providing for Boyle's right to contact with their child through Carter, Carter agreed that the order is not to interfere with Boyle's right to contact his child through her. For the benefit of law enforcement, if a restraining order is issued on remand, it should reflect Carter's acknowledgment that the order does not interfere with Boyle's right to contact their child through Carter.

[¶ 12] GERALD W. VANDE WALLE, C.J., BRUCE E. BOHLMAN, S.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 13] The Honorable Bruce E. Bohlman, Surrogate Judge, sitting in place of Crothers, J., disqualified.