2009 ND 156

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Scott Thomas BOYLE, Defendant and Appellant.**

No. 20090020.

Supreme Court of North Dakota.

Aug. 27, 2009.

Reid Alan Brady, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Monty Grant Mertz, Fargo Public Defender Office, Fargo, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   Scott Boyle appeals from a criminal judgment entered after a jury found him guilty of violating a disorderly conduct restraining order.  We conclude there was sufficient evidence Boyle violated the restraining order, and we affirm.

I

[¶ 2]   Boyle and Jennifer Carter have one child together.  Boyle has visitation with the child and is allowed to contact the child once each day by telephone under the terms of a district court order.

[¶ 3]   In 2007, Carter moved for a disorderly conduct restraining order against Boyle.  Carter claimed she feared for her own and her child's safety, alleging Boyle made harassing phone calls to her.  A temporary disorderly conduct restraining order was issued.  Boyle filed an affidavit responding to Carter's allegations, claiming he called Carter to speak to the child and arguing the phone messages were constitutionally protected speech.  A hearing was held, which Boyle attended, and the district court found Boyle's actions constituted disorderly conduct.  The court issued a two-year restraining order in favor of Carter, prohibiting Boyle from (1) having any physical contact with or coming within 100 feet of Carter;  (2) calling, writing, or leaving messages for Carter, except through an attorney;  and (3) coming within 100 feet of Carter's place of employment.  The court did not address Boyle's claims that his conduct was constitutionally protected.

[¶ 4]   Boyle appealed, and the restraining order was not stayed while the appeal was pending.  In *Hutchinson v. Boyle,* 2008 ND 150, 753 N.W.2d 881, this Court reversed the district court's order and remanded, holding the court was required to consider Boyle's constitutional claims prior to entering the order.  We also noted that the case could present a potential conflict between the terms of the restraining order and the terms of the visitation order, which provides for Boyle's right to contact the child through Carter, but that Carter had agreed the restraining order should not interfere with Boyle's right to contact the child.  *Id.* at ¶ 10 n. 1. We advised the

district court that if an order was issued on remand, it should reflect Carter's acknowledgment that the restraining order does not interfere with Boyle's right to contact the child. *Id.* On remand, the district court re-issued the order.

[¶ 5] While the prior appeal was pending, Boyle was charged with violating a disorderly conduct restraining order under N.D.C.C. § 12.1–31.2–01, alleging he left two voicemail messages for Carter in February 2008 in violation of the terms of the restraining order. The State filed a motion in limine requesting the court issue an order prohibiting Boyle from arguing to the jury that the restraining order infringes upon his constitutional rights. Boyle filed a motion in limine requesting the court exclude evidence of constitutionally protected activity, including the voicemail messages. At a pretrial conference, the court denied Boyle's motion stating it could not say as a matter of law that the conduct was constitutionally protected, but it would instruct the jury that if the contact with Carter was for the purpose of having contact with the child he must be found not guilty.

[¶ 6] A jury trial was held on January 6, 2009. The jury was instructed, "[u]nder the Disorderly Conduct Restraining Order, the Defendant has a right to have contact with their child through Jennifer Carter. If you find that Defendant's contact with Jennifer Carter was for that purpose, the Defendant is not guilty of violating the Disorderly Conduct Restraining Order." The jury found Boyle guilty.

## II

[¶ 7] Boyle argues the district court erred as a matter of law when it ruled his February 2008 telephone calls to Carter were not constitutionally protected activity. He contends that the messages left on the answering machine were consti-

tutionally protected speech, that he has a constitutional right to the companionship, care, custody, and management of his child, and that the messages left for Carter were his attempt to contact the child and protect his rights to parent the child.

[¶ 8] Disorderly conduct is "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity." N.D.C.C. § 12.1–31.2–01(1). Whether speech is constitutionally protected is a question of law, which is fully reviewable on appeal. *State v. Curtis,* 2008 ND 93, ¶¶ 7, 10, 748 N.W.2d 709. We use caution in reviewing claims of constitutionally protected activity, and we independently scrutinize the record when free speech arguments are made to see if the charged conduct is protected. *State v. Barth,* 2005 ND 134, ¶ 8, 702 N.W.2d 1. Evidence of constitutionally protected activity is inadmissible. *Curtis,* at ¶ 7.

[¶ 9] The right to free speech is not absolute and may be restricted. *Bolinske v. North Dakota State Fair Ass'n,* 522 N.W.2d 426, 431 (N.D.1994). An individual's constitutional rights may be restricted by a judicial order. *See State v. Holbach,* 2009 ND 37, ¶¶ 13–14, 763 N.W.2d 761 (holding defendant's right to travel had been restricted by a judicial order). A restraining order restrains an individual's liberty and may restrain the right to certain communication or to be in certain places. *See Baker v. Mayer,* 2004 ND 105, ¶ 14, 680 N.W.2d 261.

[¶ 10] Here, the restraining order restricted any constitutional right Boyle had to contact Carter for purposes other than communicating with the child. Any conduct that violates the order is not constitutionally protected activity, and therefore

contacting Carter for any purpose other than communicating with the child was not a constitutionally protected activity.

[¶ 11] Parents have a constitutional right to parent their children. *Lindberg v. Lindberg*, 2009 ND 136, ¶ 25. In cases such as this, there is the potential for a restraining order to conflict with a child custody and visitation order, and courts must ensure the orders are consistent and do not conflict. Here, the initial restraining order prohibited all contact with Carter, and did not explicitly state there was an exception for contacting the child through Carter. This Court reversed the initial order and remanded for the district court to consider Boyle's claims that he was engaged in a constitutionally protected activity, and we advised the court that the order should reflect Carter's acknowledgment that the restraining order does not interfere with Boyle's right to contact their child. *Hutchinson*, 2008 ND 150, 753 N.W.2d 881. On remand, the district court considered Boyle's constitutional claims and re-issued the restraining order prohibiting any contact with Carter, but clarified that the restraining order does not interfere with Boyle's right to contact the child through Carter. The re-issued order was not appealed. In the trial of the violation of the restraining order, the district court instructed the jury that Boyle was not guilty if the jury found the purpose of his contact with Carter was to contact the child. The restraining order on its face does not infringe upon Boyle's right to have contact with the child.

[¶ 12] At trial, there was evidence Boyle's conduct was not for the purpose of contacting the child and, therefore, was not protected speech. Tape recordings and a transcript of the voicemail messages were admitted during the trial. There was evidence Boyle called Carter on February 20, 2008, and left a voicemail message stating:

I really appreciate you not worrying about (inaudible) my parental rights. Like you've been doing since you premeditated your little plan, with the disorderly conduct restraining order to alienate me from my daughter. And one of your co-workers told me that you were talking about a custody battle in January of 2004, six months before I got served the paperwork that you planned out real well. You're interfering with my constitutional right. Your attorney and you have engaged in a conspiracy against my rights. You have influenced the court to ah, become a part of your hoax, and impose onto my rights. Not only my rights, but my daughter's rights. That's two people who you are imposing on her constitutional rights of familial association and ah, and you're going to need to stop. And I will see that the court takes care of it. As they misunderstood everything last time I'll make sure that they see and understand it this time. There's no excuse for your intentional games, your alienation, your um, treating people like dirt. Your [sic] not above any one. Your [sic] not better than anyone, so why don't you treat people like you want to be treated? Remember that golden rule: Do unto others as you would have others do unto you? You should read the bible [sic] rather than just talk about going to church all the time. Anybody can say they go to church. Anyone can just go to church just to go so if you don't exercise what they teach in church, then all you are is just an actress on the stage. Just like you have done in the courtroom with your little victim deal with the ah, the disorderly conduct restraining order that you have abused our daughter and I with rather than ah, using it as an aid from abuse. You have never been abused, all you do is abuse. I'd appreciate it if you would call me

back. I am sure you're not going to do that since you don't care.

A second voicemail message was left for Carter on February 21, 2008, stating:

> This is a prime example of, of all that was talked about in the courtroom when you don't return calls, you don't, when the line gets disconnected to the connection, it just happened and I have called back twice, I wanted to talk to my daughter. You didn't return the call last night nor would you answer the call for me to speak to her last night and well, tonight I spoke to her for what? Ah, eight seconds and the phone cut off and you don't answer the phone then. That's alienation.

> Unless there's some time factor it should be possible to say goodnight to her. I'm telling you that tomorrow I will be at Rainbow Bridge at 4:00 o'clock [sic]. Why don't you tell her that. (Inaudible) leave her a message so that you can listen to it because this isn't for you. I don't care if I ever talk to you again. I have to speak to my daughter. That's who this call is for. And you keep interfering and keeping me from talking with her. Call me back so I can talk to my daughter.

[¶ 13] The restraining order restricts Boyle's right to free speech by prohibiting contact with Carter except for the purpose of contacting the child. Only Boyle's contact with Carter for the purpose of contacting the child is protected activity. There was evidence that the purpose of the February 20, 2008, phone call was to communicate with Carter and not to contact the child. The evidence shows Boyle contacted Carter and left the message for her with the purpose of accusing Carter of alienating the child from Boyle and attacking Carter's past conduct. The purpose of the contact was not to communicate with the child. We conclude this is not constitutionally protected speech.

## III

[¶ 14] Boyle claims the evidence is not sufficient to sustain his conviction. He contends the voicemail messages were part of an ongoing effort to have meaningful contact with the child and it was not rational for the jury to find him guilty if it applied the court's special jury instruction.

[¶ 15] When we review a challenge to the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the verdict and reverse the conviction only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Curtis*, 2008 ND 93, ¶ 5, 748 N.W.2d 709. An individual is guilty of violating a disorderly conduct restraining order under N.D.C.C. § 12.1–31.2–01, if the individual knows of a disorderly conduct restraining order issued under N.D.C.C. § 12.1–31.2–01(4) or (5) and engages in conduct violating the terms of the order.

[¶ 16] There was evidence Boyle knew about the restraining order and contacted Carter on February 20, 2008, for a purpose other than contacting the child. Viewing the evidence and all reasonable inferences in the light most favorable to the verdict, we conclude a reasonable factfinder could have found Boyle guilty beyond a reasonable doubt.

## IV

[¶ 17] We affirm the criminal judgment, concluding there was sufficient evidence Boyle violated the disorderly conduct restraining order.

[¶ 18] DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., and GERALD W. VANDE WALLE, C.J., concur.