FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 24, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 222

State of North Dakota,                                    Plaintiff and Appellee

    v.

David Emanuel Geiger,                                    Defendant and Appellant

## No. 20230146

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] David Geiger appeals from a criminal judgment entered following a jury verdict finding him guilty of stalking. On appeal, Geiger asserts the district court failed to make a mandatory determination regarding whether the conduct he was alleged to have engaged in was constitutionally protected. He further argues the evidence presented at trial was insufficient to support the jury's verdict of guilty. We affirm.

I

[¶2] The State charged Geiger with stalking in violation of N.D.C.C. § 12.1-17-07.1(2). The victim testified she was an employee at a bank where Geiger was a customer. The victim, in conjunction with other bank employees, decided to close out Geiger's account after what the victim described as abusive conduct by Geiger towards bank employees. Geiger was informed of the closure and instructed to collect the remaining funds in his account through the drive-up window. Geiger went to the drive-up window and during the process of collecting the funds made statements to the teller to the effect of, "Do you know what it's like to lose? Well, you're about to find out." The victim and other employees then observed Geiger sitting in his car across the street.

[¶3] Due to concerns surrounding this behavior, bank staff contacted law enforcement to escort staff from the building to their vehicles at closing. Later that same night, the victim received a phone call to her personal phone, verified by law enforcement as having been placed from a phone belonging to Geiger. Upon answering the call, the victim's husband said "hello" several times, but there was no response.

[¶4] Geiger called the victim's office the next day, identifying himself by name. During this call, the victim informed Geiger his account would remain closed, at which point Geiger raised his voice and stated, "You will pay for this decision." After ending the call, Geiger was again observed parking his truck outside the bank in the parking lot of a nearby business. Bank employees were

instructed not to exit the building alone and to check in with another employee upon arriving safely home. That evening, when the victim arrived in her neighborhood, she observed Geiger sitting in his truck on an adjacent street, a location providing him with a clear line of sight to the victim's residence. The victim contacted law enforcement, and Geiger was subsequently arrested.

[¶5]  At the conclusion of the State's case, Geiger made a N.D.R.Crim.P. 29 motion asserting the State had failed to show a "prima facia case" that Geiger had done anything intentional towards the victim to cause her fear. Additionally, he asserted his other actions were "constitutionally protected in terms of being able to park on a city street no matter what time of the day or year or week it is." The district court denied the motion, indicating "[t]hose are all fact questions," and finding sufficient evidence to put the charge before the jury. Geiger renewed his Rule 29 motion prior to the case being submitted to the jury, which the court again denied. The jury returned a verdict convicting Geiger on the charge of stalking.

II

[¶6] Geiger asserts the district court failed to make a mandatory determination on whether his alleged criminal conduct was constitutionally protected. He argues the language of N.D.C.C. § 12.1-17-07.1(5), "[i]f a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity[,]" required the court to conduct a legal analysis after he raised a claim that his actions of parking on city streets were constitutionally protected within his N.D.R.Crim.P. 29 motion. Instead, the court found there was sufficient evidence to submit the case to the jury, determining that Geiger's arguments were questions of fact.

[¶7]  We have previously considered what is required to preserve the issue of constitutionally protected speech. In *State v. Curtis*, we determined a defendant did not preserve an issue relating to constitutionally protected speech for appeal when he failed to properly raise a constitutionally protected speech defense to the district court through a motion in limine and instead made only a Rule 29 motion at trial. 2008 ND 93, ¶ 8, 748 N.W.2d 709. While

2

asserting his claim through the Rule 29 motion, Curtis failed to adequately support the motion with a legal basis for why the communication should be protected. Instead, he argued, "I think any person rationally reading the entire document would not take it as a threat." *Id.* There was no other indication Curtis made any effort to raise the issue properly or to explain why the communication should be designated constitutionally protected speech and withheld from the jury. *Id.*

[¶8] Similarly, Geiger failed to make any pretrial motions to dismiss or suppress evidence. Additionally, he failed to make any objection to any of the descriptions of his conduct as they were offered through testimony, failed to argue why the descriptions of his conduct should be excluded from evidence, and failed to request the evidence be withheld from the jury. Instead, in his initial request for a judgment of acquittal at the end of the State's case, he offered only a naked assertion, limited only to his conduct of parking, that his conduct was constitutionally protected, stating:

> His other actions are constitutionally protected in terms of being able to park on a city street no matter what time of the day or year or week it is. He has an absolute right to be on that—on those parking lots as well as the Bluff Lane address.

In his oral request for a judgment of acquittal, Geiger failed to advance any argument supporting his assertion his parking was protected activity and failed to present any legal foundation for the assertion that parking is a constitutionally protected activity. Geiger also failed to renew his Rule 29 motion for acquittal to the district court after the jury rendered their guilty verdict or otherwise provide a legal basis for his claim his conduct was constitutionally protected activity. We conclude Geiger did not sufficiently raise constitutionally protected activity as a defense before the district court and, therefore, did not preserve his constitutional argument for review by this Court.

### III

[¶9] Geiger asserts there was insufficient evidence to sustain the guilty verdict of stalking because the State failed to show evidence that there was no

legitimate purpose for Geiger's presence at both the bank and the victim's residence.

[¶10] When reviewing challenges to the sufficiency of the evidence, we "must view the evidence in a light most favorable to the verdict." *State v. Ismail*, 2022 ND 199, ¶ 11, 981 N.W.2d 896 (citing *State v. Yineman*, 2002 ND 145, ¶ 8, 651 N.W.2d 648). "The conviction rests on insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id.* (citing *Yineman*, at ¶ 8). "In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses." *State v. Hannah*, 2016 ND 11, ¶ 7, 873 N.W.2d 668 (quoting *State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534).

[¶11] Geiger was charged with violating N.D.C.C. § 12.1-17-07.1(2). Under this section, a person is guilty of the class A misdemeanor of stalking if a person intentionally stalks another. To "stalk" means "[t]o engage in an intentional course of conduct directed at a specific person which frightens, intimidates, or harasses that person and which serves no legitimate purpose. The course of conduct . . . must cause a reasonable person to experience fear, intimidation, or harassment[.]" N.D.C.C. § 12.1-17-07.1(1)(c)(1).

[¶12] The victim testified that on the day his account was terminated, Geiger's truck was observed parked across the street from the bank. Bank employees contacted the police and requested the police be present at the bank while they got into their cars to leave. Later that same night, the victim received a phone call to her personal phone, where there was no response, from a phone number later verified by law enforcement as belonging to Geiger. Additionally, the victim indicated that the following day Geiger called her office, stating, "You will pay for this decision." After ending the call, the victim again observed Geiger parked in his truck outside the bank in the parking lot for another business. The victim testified upon arriving home that evening, she observed Geiger's truck on an adjacent street, from where he could look down upon her residence. Viewing this evidence in the light most favorable to the verdict, we find there was sufficient evidence presented for a rational fact finder to find Geiger guilty of stalking in violation of N.D.C.C. § 12.1-17-07.1(2).

4

## IV

[¶13] Geiger failed to preserve his challenge to whether his conduct was constitutionally protected. The evidence admitted at trial was sufficient to support the conviction for stalking. We affirm.

[¶14]  Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr