# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 197

State of North Dakota,

Plaintiff and Appellee

v.

Zachary Glen Vetter,

Defendant and Appellant

### No. 20250149

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jessica M. Rydell, Assistant State's Attorney, Wahpeton, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Zachary Vetter appeals from a criminal judgment entered after the district court found him guilty of disorderly conduct. Vetter argues he was engaged in constitutionally protected activity and North Dakota law requires courts to first determine whether his conduct was constitutionally protected before determining whether there is sufficient evidence for conviction. Vetter argues that when evidence of his constitutionally protected conduct is excluded, the evidence is insufficient to sustain the conviction. We affirm.

I

[¶2]   On November 4, 2024, Vetter visited his stepchild's elementary school to speak with the principal regarding his stepchild's suspension from riding the bus. The principal reported Vetter's conduct during and shortly following this conversation to law enforcement. On November 26, 2024, the State charged Vetter with disorderly conduct under N.D.C.C. § 12.1-31-01(1)(a).

[¶3]   Vetter waived his right to a jury trial. At the April 2025 bench trial, the school's principal, a school counselor, and a paraprofessional at the school testified. The principal testified that Vetter entered their conversation visibly upset. Vetter raised his voice at her during this conversation, and while she was never outright threatened by Vetter, she was alarmed by his behavior, describing her alarm as being "on high guard."

[¶4]   The school counselor testified that she was supervising student breakfast in the school commons area when Vetter exited the office, visibly upset. Vetter pushed a garbage can causing it to collide with a door, pushed the door open very hard creating a forcible noise, and exited the school. Students were present during this behavior, and the school counselor testified she was alarmed, more for the children than herself. A paraprofessional working outside when Vetter exited the building testified to hearing commotion and yelling by the playground. She saw and heard Vetter yelling obscenities and gesturing with his middle finger toward the building, although she could not see who, if anyone,

1

stood at the school doors where Vetter directed his gestures. She testified further that after making these gestures, Vetter stopped yelling, entered a vehicle, and sped away sending rocks into the air and blaring his horn. All three individuals testified that Vetter's actions caused them alarm.

[¶5] In analyzing Vetter's behavior, the district court examined the culmination of Vetter's actions finding Vetter's behavior of using obscene language, pushing the garbage can, and spinning out in the parking lot—all in the presence of students—reasonably alarmed the principal, counselor, and paraprofessional. The district court found that because Vetter was charged under N.D.C.C. § 12.1-31-01(1)(a), and threatening or fighting behavior was not present, a conviction depended on whether Vetter's behavior was violent or tumultuous and those present were reasonably alarmed by it. Due to the alarm caused by the totality of Vetter's tumultuous behavior, the court found the elements were proven beyond a reasonable doubt and that Vetter committed disorderly conduct. Vetter timely appealed.

II

A

[¶6] Vetter attacks his conviction on constitutional grounds. He asserts he was exercising his fundamental right to direct his child's education and to advocate for his child's welfare in educational settings.

[¶7] Under N.D.C.C. § 12.1-31-01(1)(a), an individual commits disorderly conduct if "with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual: a. Engages in fighting, or in violent, tumultuous, or threatening behavior." However, "[i]f an individual claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity." N.D.C.C. § 12.1-31-01(2).

[¶8] "Whether an activity is constitutionally protected is a question of law, which is fully reviewable on appeal." *In re H.K.*, 2010 ND 27, ¶ 12, 778 N.W.2d

2

764. In *H.K.*, the juvenile charged with disorderly conduct moved to dismiss, claiming the conduct was protected by the First Amendment. *Id.* ¶¶ 11, 14. This Court noted when a person accused of disorderly conduct claims to have been engaged in constitutionally protected activity, the district court must determine the claim as a matter of law and exclude evidence of constitutionally protected activity. *Id.* ¶ 12. On appeal, "a reviewing court has a constitutional duty to independently examine the record as a whole to assure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Id.* (cleaned up). This Court is cautious when reviewing claims of constitutionally protected activity. *State v. Brossart*, 2015 ND 1, ¶ 10, 858 N.W.2d 275.

[¶9]   Vetter argues discussing his stepchild's bus suspension with the principal was constitutionally protected under a fundamental parental right to direct education and advocate for the child's educational welfare. He argues that the activity "occurred through entirely appropriate means in the proper forum" and did not cause a loss of constitutional protection. Vetter has cited no authority supporting a *stepparent's* fundamental right to parent. Vetter further argues that the statute is constitutionally vague as applied to him and charging Vetter criminally demonstrates arbitrary enforcement violating his equal protection.

[¶10] Vetter did not raise any constitutional claims in the district court. An individual must actually claim to have been engaged in constitutionally protected activity before the court is required to determine the validity of the claim. *See* N.D.C.C. § 12.1-31-01(2). "Issues not raised below, even constitutional issues, generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Curtis*, 2008 ND 93, ¶ 9, 748 N.W.2d 709 (cleaned up). "The burden to show an obvious error is on the appellant, and when it is not argued, it is difficult for an appellate court to conclude the burden is satisfied." *State v. Thompson*, 2025 ND 3, ¶ 11, 16 N.W.3d 204 "Only constitutional error that is 'egregious' or 'grave' is subject to the obvious error rule." *Curtis*, ¶ 9 (quoting *State v. Parisien*, 2005 ND 152, ¶ 17, 703 N.W.2d 306). "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *State v. Miller*, 388 N.W.2d 522, 522 (N.D. 1986). On appeal, Vetter did

3

not address obvious error, and in our discretion, we decline to further address his constitutional claims.

B

[¶11] Vetter argues the district court lacked sufficient evidence for conviction as the State failed to prove the required mental state of intent and failed to prove he engaged in tumultuous behavior.

[¶12] "When reviewing challenges to the sufficiency of evidence, this Court draws all inferences in favor of the verdict." *Curtis*, 2008 ND 93, ¶ 5. "We reverse criminal convictions only when, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id*. (quoting *State v. Barendt*, 2007 ND 164, ¶ 9, 740 N.W.2d 87) (cleaned up). When reviewing a challenge to the sufficiency of the evidence regarding a conviction arising from a bench trial, we are not limited to the reasons a district court gives for a guilty finding, and we may consider the entire record to decide whether substantial evidence exists to support conviction. *State v. Simon*, 2018 ND 197, ¶ 10, 916 N.W.2d 626.

[¶13] Contrary to Vetter's argument, intent to harass, annoy, or alarm another person is not the only mental state statutorily enumerated; all that is required is "reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior." N.D.C.C. § 12.1-31-01. Further, circumstantial evidence is often the only method of proving criminal intent. *State v. Kinsella*, 2011 ND 88, ¶ 14, 796 N.W.2d 678. "A defendant's conduct may be considered as circumstantial evidence of the required criminal intent." *Id*.

[¶14] Behavior constituting disorderly conduct need not be directed at one person. *See Simon*, 2018 ND 197, ¶¶ 13-14 (affirming disorderly conduct conviction when protesting defendants "attempted to flank officers' skirmish lines and advance toward construction equipment"). Rather, "[a]ctions constituting disorderly conduct need be *offensive* to only one person," under an objective standard. *City of Devils Lake v. Lawrence*, 2002 ND 31, ¶ 13, 639 N.W.2d 466 (emphasis added); *State v. Klindtworth*, 2005 ND 18, ¶ 13, 691 N.W.2d 284.

4

Here, several witnesses testified they were alarmed by Vetter's conduct. Viewing the evidence in the light most favorable to the verdict, we conclude Vetter's conduct and the effects of his conduct on its recipients provide sufficient evidence to show that Vetter acted in reckless disregard that another person was alarmed by his behavior.

[¶15] As to whether the State proved tumultuous behavior by Vetter, neither this Court's case law nor N.D.C.C. § 12.1-31-01 define "tumultuous." When a term is not specifically defined, the Court looks to the plain, ordinary, and commonly understood meaning of the words. *State v. Bearrunner*, 2019 ND 29, ¶ 12, 921 N.W.2d 894; N.D.C.C. § 1-02-02. The word "tumultuous" has been defined as: "1. Very loud; noisy; 2. Characterized by disorderly commotion; 3. Characterized by mental or emotional agitation." *The Am. Heritage Dictionary of the English Language*, 1868 (Steven R. Kleinedler et al. eds., 5th ed. 2018). Whether conduct is tumultuous is a factual determination better suited to the district court, where evidentiary observations and credibility determinations are made. *Bearrunner*, ¶ 12. We conclude, viewing the evidence in the light most favorable to the verdict, there was sufficient evidence to support the district court's finding that Vetter's conduct constituted tumultuous behavior, and he was therefore guilty of disorderly conduct.

III

[¶16] We affirm the district court's criminal judgment convicting Vetter of disorderly conduct.

[¶17] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr