# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 39

State of North Dakota,                                        Plaintiff and Appellee

   v.

Cody Joseph Reese,                                        Defendant and Appellant

## No. 20250161

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Christopher W. Nelson (argued) and Jacob A. Schmidt (appeared), Assistant State's Attorneys, Minot, N.D., for plaintiff and appellee.

Thomas J. Burckhard, Minot, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Cody Reese appeals from a criminal judgment entered after a bench trial at which he was convicted of terrorizing with a firearm. Reese argues the district court erred in finding the terrorizing offense was committed with a firearm, which finding required a mandatory minimum sentence of two years' imprisonment. We affirm the judgment.

I

[¶2]   The State charged Reese with eight counts of terrorizing with a dangerous weapon or firearm and one count of preventing arrest. The State alleged Reese threatened to shoot or kill people at a Minot restaurant and resisted arrest by law enforcement. The terrorizing charges included an allegation that Reese possessed a firearm while committing the offenses. If proven, that allegation carries a mandatory minimum sentence of two years' imprisonment. The district court granted the State's motion to dismiss seven of the terrorizing counts, and Reese proceeded to a bench trial on one count of terrorizing and one count of preventing arrest.

[¶3]   At trial, Reese stipulated to all essential elements of the terrorizing offense, contesting only the application of the mandatory minimum sentence for possessing a firearm. The court heard testimony from three witnesses—a restaurant manager, a patron, and a responding officer—and viewed the restaurant's security-camera video.

[¶4]   The restaurant manager testified that he stopped serving an inebriated Reese and asked him to leave. Reese threatened to kill him and "shoot up the entire restaurant, and everybody in[side]." The restaurant manager and patron both testified that Reese said he had a gun and was going to shoot people in the restaurant, but neither saw a firearm. The manager testified Reese had a backpack about "a foot from him on the stool next to him" and was reaching into it after stating he had a gun and "insinuating" the gun was in the backpack. The patron testified Reese "said that he had his gun in his backpack, and he gestured

1

with the backpack." When the responding officer arrived, he attempted to detain Reese and reached for the backpack, which was then over Reese's shoulder. Reese pulled away. After Reese was arrested, law enforcement searched the backpack and found a firearm. In closing, Reese argued the armed offender statute did not apply because he did not threaten anyone with the firearm. That is, Reese did not brandish or use it in committing terrorizing.

[¶5] The district court accepted Reese's admission to terrorizing and found him guilty of preventing arrest. After trial, the court found that Reese committed terrorizing with a firearm and that the armed offender statute applied, concluding the firearm does not need to be produced while committing the offense. Rather, the court explained, the statute applies if the offender possessed a firearm and threatened to injure another through the use of the firearm. As a result, the court applied the mandatory minimum, sentenced Reese to two years' imprisonment, and entered judgment.

II

[¶6] Reese argues the district court erred in finding the terrorizing offense was committed with a firearm and applying the mandatory minimum sentence under N.D.C.C. § 12.1-32-02.1. Section 12.1-32-02.1, N.D.C.C., states:

1. Notwithstanding any other provision of this title, a term of imprisonment must be imposed upon an offender and served without benefit of parole when:

   a. In the course of committing an offense, the offender inflicts or attempts to inflict bodily injury upon another, threatens or menaces another with imminent bodily injury with a dangerous weapon, explosive, destructive device, or firearm;

   . . . .

2. This requirement applies only when possession of a dangerous weapon, explosive, destructive device, or firearm has been charged and admitted or found to be true in the manner provided by law, and must be imposed as follows:

   . . . .

2

b. If the offense for which the offender is convicted is a class C felony, the court shall impose a minimum sentence of two years' imprisonment.

[¶7] Subsection 2 of N.D.C.C. § 12.1-32-02.1 "applies only if the possession of a dangerous weapon, an explosive, or a firearm is an essential element of the crime committed or if the trier of fact makes a special finding that in the course of committing the offense the accused was in possession of a dangerous weapon, an explosive, or a firearm." *State v. Sheldon*, 312 N.W.2d 367, 370 (N.D. 1981); *see also* N.D.C.C. § 12.1-01-04(26) (defining "[p]ossesses" in the criminal code to include "[d]irect physical control of something on or around the individual's person"). "We have recognized that the purpose of Section 12.1-32-02.1 is to deter violent crime and vindicate the public's interest in punishing those who commit serious crimes with a firearm." *State v. Meier*, 447 N.W.2d 506, 508 (N.D. 1989).

[¶8] The parties do not dispute that the State charged Reese with terrorizing with a firearm or that the district court, as trier of fact after Reese waived his right to a jury trial, made a special finding that Reese possessed the firearm at the time of the crime. Reese does not challenge the possession finding. Rather, he argues he did not threaten anyone *with a firearm* within the meaning of N.D.C.C. § 12.1-32-02.1(1)(a).

[¶9] The district court interpreted N.D.C.C. § 12.1-32-02.1(1)(a) to apply when the offender threatens to use a firearm to cause bodily injury. In other words, the offender need only communicate the threat to use a firearm; he does not need to actually brandish the firearm while threatening the victim. Reese contends the court misinterpreted what it means to threaten another with bodily injury with a firearm, asserting "with" a firearm means *using* or *brandishing*.

[¶10] Our standard of review for interpreting a criminal statute is well established:

> Construction of a criminal statute is a question of law, fully reviewable by this Court. Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We

3

interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*State v. Vetter*, 2013 ND 4, ¶ 11, 826 N.W.2d 334.

[¶11] When a word is not defined by the Legislature, we look to the plain, ordinary, and commonly understood meaning of the word. *State v. Rufus*, 2015 ND 212, ¶¶ 15, 19, 868 N.W.2d 534. Both the State and Reese provide dictionary definitions of "with." Webster's New World Dictionary (Second College Edition 1980) has 22 primary definitions of "with." In relevant part, "with" is defined as "by means of; using" or "by the use, presence, etc. of; by." *Id.* at 1633. One definition of "by" is "through the means, work, or operations of." *Id.* at 194. When we substitute these definitions for the second "with" in N.D.C.C. § 12.1-32-02.1(1)(a), the statute reads in relevant part: In the course of committing an offense, the offender threatens another with imminent bodily injury using, or through the use or means of, a firearm. Under these definitions, the statute applies in this case. In the course of committing terrorizing, Reese threatened another with imminent bodily injury through the use or means of a firearm. Nothing in the statute limits "with" to *using* or *brandishing* the firearm. *Compare* N.D.C.C. § 12.1-32-02.1(1)(a), *with* N.D.C.C. § 12.1-32-09(1)(e) (allowing a court to sentence a convicted offender to an extended sentence if "[t]he offender is especially dangerous because the offender *used* a firearm . . . in the commission of the offense or during the flight therefrom" (emphasis added)).

[¶12] Reese does not frame his argument in terms of sufficiency of the evidence to support his conviction for terrorizing with a firearm. Rather, he argues the district court misinterpreted N.D.C.C. § 12.1-32-02.1(1)(a), causing it to misapply the mandatory minimum sentence under N.D.C.C. § 12.1-32-02.1(2)(b). We conclude the district court applied a reasonable definition to the commonly-used word "with" when it found Reese threatened to injure another through the use

of a firearm. *State v. Castleman*, 2022 ND 7, ¶ 12, 969 N.W.2d 169; *State v. O'Toole*, 2009 ND 174, ¶ 12, 773 N.W.2d 201 ("The jury could use any reasonable definition of the word 'create' in deciding whether O'Toole was guilty."); *Rufus*, 2015 ND 212, ¶¶ 19-20 (applying similar rule after bench trial). Viewing the evidence in the light most favorable to the judgment, sufficient evidence supports that finding and the application of the mandatory minimum in the judgment. *See State v. Vetter*, 2025 ND 197, ¶ 15, 27 N.W.3d 687. Specifically, the evidence shows that Reese said he had a gun in his backpack, which was next to him, that he was reaching into the backpack, and that he told the manager and patrons he was going to shoot and kill them. We conclude the court did not err in interpreting N.D.C.C. § 12.1-32-02.1 or in applying the mandatory minimum sentence.

## III

[¶13] We affirm the judgment.

[¶14] Lisa Fair McEvers, C.J.
  Daniel J. Crothers
  Jerod E. Tufte
  Jon J. Jensen
  Douglas A. Bahr

5