# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 35

State of North Dakota,                                          Plaintiff and Appellee

    v.

Joshua John Maher,                                          Defendant and Appellant

### No. 20250198

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Fair McEvers, Chief Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Patrick W. Waters, Bismarck, ND, for defendant and appellant.

# State v. Maher
## No. 20250198

**Fair McEvers, Chief Justice.**

[¶1]  Joshua Maher appeals from a criminal judgment and an order extending an order prohibiting contact ("OPC"). Maher argues the district court imposed an illegal sentence and violated his constitutional right to parent by extending the OPC for the two years he is subject to supervised probation. We reverse and remand for resentencing.

I

[¶2]  In August 2024, the State charged Maher with Terrorizing – Domestic Violence, a class C felony under N.D.C.C. § 12.1-17-04(1). The victim, K.M., is Maher's ex-wife and the mother of his minor child.

[¶3]  On August 27, 2024, the district court entered a pre-dispositional OPC under N.D.C.C. § 12.1-31.2-02 prohibiting Maher from contacting K.M. "for a period of thirty days after disposition of the criminal case unless continued at the disposition to one year from the date of disposition." In September 2024, Maher filed a plea of not guilty, and the court entered an order extending the OPC for thirty days.

[¶4]  On May 12, 2025, Maher pled guilty at a change of plea hearing. The district court entered a criminal judgment the same day imposing a two-year sentence, first to serve three days, credit for time served of three days, and two years of supervised probation. A condition of the supervised probation prohibited Maher from having contact with K.M., including via "telephone, written, and electronic communication and contact through other people" or "[c]om[ing] within 100 yards of [K.M.] or [her] residence." On May 22, 2025, the court entered an order extending the OPC for two years to coincide with this condition of probation. Maher timely appealed.

[¶5]   Maher argues the sentence imposed is illegal because it does not provide a way for him to arrange and exercise court-ordered parenting time with his minor child. The State argues Maher's sentence is not illegal as the district court acted within statutory limits and did not rely on any impermissible factor.

[¶6]   "A trial court has broad discretion in fixing a criminal sentence." *State v. Rinde*, 2024 ND 33, ¶ 6, 3 N.W.3d 165 (quoting *State v. Gonzalez*, 2024 ND 4, ¶ 6, 1 N.W.3d 919). We review sentencing decisions under an abuse of discretion standard. *State v. Hamilton*, 2023 ND 233, ¶ 9, 999 N.W.2d 214. A court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law. *State v. Castleman*, 2024 ND 93, ¶ 5, 6 N.W.3d 850.

A

[¶7]   A sentence is illegal if it is "in excess of a statutory provision or in some other way contrary to an applicable statute." *State v. Nelson*, 2024 ND 55, ¶ 3, 5 N.W.3d 554. This Court will only vacate a sentencing decision if the trial court acted outside statutorily prescribed limits or substantially relied on an impermissible factor in determining the severity of the sentence. *State v. Wallette*, 2025 ND 190, ¶ 8, 27 N.W.3d 441 (citing *Rinde*, 2024 ND 33, ¶ 6). "Appellate review of a criminal sentence is generally limited to determining whether the district court acted within the statutory sentencing limits or substantially relied upon an impermissible factor." *State v. Mohamud*, 2019 ND 101, ¶ 20, 925 N.W.2d 396.

[¶8]   The imposition of probation conditions is a matter of pure judicial discretion, and a trial court is allowed to tailor conditions to meet each case's particular facts and circumstances so long as the conditions are "reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist the defendant to do so." *State v. Bender*, 1998 ND 72, ¶¶ 9-10, 576 N.W.2d 210.

[¶9]   At the change of plea hearing, K.M. testified she had continuously suffered because of Maher's contact since she left him almost six years prior. K.M. described the effects of Maher's contact on her life and testified the period of prohibited contact preceding the hearing was "the most peace [she has] had since [she] left."

[¶10] In ordering a two-year extension of the OPC, the district court noted Maher's lack of responsibility, attempts to blame the victim, and two prior convictions for domestic assault involving a different victim. Maher does not dispute the court sentenced him within statutory limits and did not rely on any impermissible factor.

[¶11] We conclude Maher's sentence is not illegal as the district court sentenced Maher within legal limits and did not rely on any impermissible factor.

B

[¶12] While Maher concedes the district court was statutorily authorized to extend the OPC, he contends the prohibition was authorized only as to K.M.— not as to the minor child. Maher argues the court erred in failing to address and balance his parenting time, i.e., to ensure the sentence and parenting plan do not conflict. K.M. and Maher's parenting plan—not within the record here— allegedly affords Maher supervised visitation with the child as agreed upon by the parties. Maher asserts the stringent terms of his sentence effectively terminated his parental rights and the court should have made an exception allowing limited contact with K.M. for matters concerning their child.

[¶13] Maher's argument was raised at sentencing following the district court's invitation to respond after imposing its sentence:

> MR. WATERS: Yes, Your Honor. There's a family court judgement [sic] that allows Mr. Maher to have a relationship with his child that includes visitation. Under the order you just gave, it would be impossible for him to exercise that relationship. I'm asking that you carve out an exception for communications related to visitation, emergencies with the child. If that is not part of this Judgment, he will not have a relationship with his child.

3

THE COURT: He's not prohibited from having contact with his child. Any questions, Mr. Maher?

MR. MAHER: Yes. By which means can I take to have communication with my child?

THE COURT: You'll have to discuss that with an attorney, but you're not going to make those arrangements through Ms. M.

[¶14] In the appendix A attached to the criminal judgment, the district court included as a condition of probation that he must not have contact with K.M. by any means or come within 100 yards of her or her residence. The court also entered an additional order extending its original OPC. The original order stated in relevant part:

> IT IS HEREBY ORDERED PURSUANT TO N.D.C.C. § 12.1-31.2-02 that the above named Defendant . . . shall refrain from any direct or indirect contact with [K.M.].
>
> You violate this Order if, in addition to the prohibitions set forth above, you:
> 1. Threaten, molest, injure, or harass the victim;
> 2. Call, write or visit the victim regardless of where this takes place, or have messages delivered to the victim;
> 3. Enter or come within 100 yards of the victim, or the victim's residence, or the victim's place of employment; or
> 4. Take or damage any of the victim's property.
>
> The Defendant is notified 1) willful violation of this order is a separate criminal offense, a class A misdemeanor, with a maximum penalty of 360 days' imprisonment and/or a $3,000 fine, 2) this order is enforceable in any jurisdiction, and, 3) if a law enforcement officer determines there is probable cause to believe this order has been violated, then the officer shall make a warrantless arrest, whether or not the violation is committed in the officer's presence. Consent of the victim does not invalidate this order.

[¶15] Relying in part on *State v. Boyle*, 2009 ND 156, 771 N.W.2d 604, Maher argues that courts must consider whether an order infringes upon the

4

defendant's constitutional rights or conflicts with established parenting time rights. In *Boyle*, this Court recognized that parents have a constitutional right to parent their children. *Id.* ¶ 11. We stated that where there is potential for a restraining order to conflict with a child custody and visitation order, courts must ensure the orders do not conflict. *Id.* In *Boyle,* the original order that prohibited all contact with the other party was clarified after remand so the order did not interfere with the father's right to have contact with the child. *Id*. ¶¶ 3-4. While courts should consider the constitutional right to parent a child, we also recognize that the constitutional right to parent is not without limits and courts may impose sentences that may conflict with a parenting order when imposing such sentence serves other penological interests. *See State v. Ehli*, 2004 ND 125, ¶¶ 9, 11, 13, 17, 681 N.W.2d 808 (affirming condition of probation prohibiting contact with minor children after defendant pled guilty to continuous sexual abuse of child in father-daughter like relationship and did not acknowledge seriousness of crime).

[¶16] Here, the district court provided no reason why there should be no contact with the child, even acknowledging that such contact was not prohibited. The court further refused to provide a method to contact the child's mother in any way, effectively precluding Maher from exercising his constitutional right to parent his child. *Contra Douglas v. State*, 747 A.2d 752, 756-57 (Md. Ct. Spec. App. 2000) (affirming condition of supervised probation prohibiting contact in person, by telephone, or by mail with mother of defendant's children because defendant *was allowed contact through an intermediary* to effect visitation with children). The court's rationale contradicted itself in that the court said it did not prohibit Maher from seeing his child but allowed no avenue to contact the child's mother, who had residential responsibility, and allowed no alternative means to arrange contact with the child. This was not the product of a rational mental process leading to a reasoned decision. Here, under the facts of this case where there was no penological reason given to bar Maher from contacting his child and no means to do so without violating the terms of his probation and the order prohibiting contact, the court abused its discretion.

[¶17] Because the district court sentenced Maher within legal limits and did not rely on any impermissible factor, we conclude Maher's sentence is not illegal.

However, we conclude the district court abused its discretion by not including a means for Maher to have contact with his child or explaining its rationale for not allowing a method to contact the child. We reverse and remand for resentencing and modification of the order extending the order prohibiting contact for the court to consider alternatives to the total prohibition of contact with K.M. for the purpose of Maher exercising his parental rights.

## III

[¶18] Maher's remaining arguments are either unnecessary to our opinion or are without merit. We reverse the criminal judgment and order extending the order prohibiting contact and remand for resentencing consistent with this opinion.

[¶19]  Lisa Fair McEvers, C.J.
      Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen
      Douglas A. Bahr