CITY OF BISMARCK, Plaintiff and Appellant,

v.

Thomas SCHOPPERT, Defendant and Appellee.

Crim. No. 890283.

Supreme Court of North Dakota.

Jan. 18, 1990.

Paul H. Fraase, Asst. City Atty., Bismarck, for plaintiff and appellant. Submitted on brief. No appearance.

Thomas M. Tuntland, Mandan, for defendant and appellee. Submitted on brief. No appearance.

MESCHKE, Justice.

A disorderly conduct charge against Thomas Schoppert was dismissed because the ordinance supposedly superseded state law. The City of Bismarck appealed. We reverse.

For allegedly abusive and obscene conduct, Thomas Schoppert was charged with violating Bismarck City Ordinance 6–05–01(3).[1] Schoppert requested a jury trial and the complaint was removed to county court. There, Schoppert moved to dismiss the complaint on "the grounds that the City Ordinance ... supersede[d] state law ... and [was] therefore void and unenforceable." The county court dismissed the complaint. The City of Bismarck appealed.

The City argued that, although the wording of its ordinance differed from the corresponding statute, the ordinance did "not prohibit conduct that [was] also not prohibited in state law." According to the City, the ordinance did not supersede the statute defining disorderly conduct. NDCC 12.1–31–01.[2] Schoppert argued that a policy statute, NDCC 12.1–01–05,[3] "clearly ex-

---

1. Ordinance 6–05–01:
   *Disorderly Conduct.* A person is guilty of an offense if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by his behavior, that person:
   \* \* \* \* \* \*
   3. In a public place, uses abusive or obscene language, or makes an obscene gesture, which language or gesture by its very utterance or gesture inflicts injury or tends to incite an immediate breach of the peace;
   \* \* \* \* \* \*

2. NDCC 12.1–31–01:
   *Disorderly conduct.* A person is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by his behavior, he:

   \* \* \* \* \* \*
   3. In a public place, uses abusive or obscene language, or makes an obscene gesture;
   ...

3. NDCC 12.1–01–05:
   *Crimes defined by state law shall not be superseded by city or county ordinance or by home rule city's or county's charter or ordinance.* No offense defined in this title or elsewhere by law shall be superseded by any city or county ordinance, or city or county home rule charter, or by an ordinance adopted pursuant to such a charter, and all such offense definitions shall have full force and effect within the territorial limits and other jurisdiction of home rule cities or counties. This section shall not preclude any city or county from enacting any ordinance containing penal language when otherwise authorized to do so by law.

pressed the legislative intent to have uniformity in criminal law throughout the state" and that it "does not permit a crime defined by state statute to be altered by city ordinance."

An offense defined by state law may not be superseded by an ordinance. NDCC 12.1–01–05. In *City of Dickinson v. Gresz,* 450 N.W.2d 216 (N.D.1989), we explained that a "City Ordinance must not attempt to prohibit any conduct other than that prohibited by the state statute."

We dealt with this same ordinance in *City of Bismarck v. Nassif,* 449 N.W.2d 789 (N.D.1989). Nassif argued that Bismarck's disorderly conduct " 'ordinance appear[ed] to be in conflict with the state statute because it prohibit[ed] conduct different than that which [was] prohibited by the state statute.' " We ruled:

> Subsection 3 of Bismarck City Ordinance 6–05–01 does not attempt to prohibit or penalize any speech other than that which is constitutionally prohibited by the state statute. The additional language of the ordinance only clarifies the particular language which it prohibits. It literally expresses what the state statute must be construed to include to be constitutional.

> Accordingly, we conclude that the ordinance has not superseded the state statute. . . .

*Nassif, supra. See also City of Grand Forks v. Cameron,* 435 N.W.2d 700, 702 (N.D.1989). We reverse the county court and remand for trial.

ERICKSTAD, C.J., and LEVINE, GIERKE and VANDE WALLE, JJ., concur.