2005 ND 18

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Wally KLINDTWORTH, Defendant and Appellant.**

**No. 20040223.**

Supreme Court of North Dakota.

Jan. 19, 2005.

Lonnie Olson, State's Attorney, Devils Lake, N.D., for plaintiff and appellee.

Irvin B. Nodland, Irvin B. Nodland, PC, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Wally Klindtworth appeals a conviction of disorderly conduct, a class B misdemeanor. Concluding there was sufficient evidence to support the judgment of conviction, we affirm.

I

[¶ 2] Kathy Halldorson and Klindtworth are next-door neighbors separated by a wooden rail fence in a subdivision near Devils Lake.

[¶ 3] On June 16, 2004, Halldorson was mowing her front lawn with her riding lawnmower. She was mowing the lawn in a direction she believed would blow the grass clippings away from Klindtworth's yard into her own yard. She claims she saw Klindtworth pacing back and forth and pointing his finger at her while she was on the mower but she could not hear what he was saying because the mower drowned out his voice. She finished mowing and then parked the mower in her garage. She walked out of her garage and started to walk toward her house and away from Klindtworth when she heard Klindtworth asking her what gave her the right to put grass clippings on his lawn and telling her that she should get a rake and clean it up. Halldorson claims he was yelling loudly and using profanity. Klindtworth denies that he used any profanity when he addressed Halldorson. Both Klindtworth and Halldorson called the police to report the incident. Halldorson did not tell the police dispatcher that Klindtworth used profanity, but she indicated in her police statement that he did use it.

[¶ 4] The State charged Klindtworth with disorderly conduct, and a bench trial was held on July 29, 2004. During the trial, Halldorson testified that she "freaked out and thought oh, man, here we go again" when Klindtworth yelled at her. She testified that she "freaked out" because Klindtworth had been convicted of reckless endangerment months earlier for having shot her husband with a pellet gun while her husband was mowing the grass. Halldorson testified she felt terrorized because of the history between the parties and because Klindtworth's yelling made her fear what Klindtworth might do to her.

[¶ 5] The district court found beyond a reasonable doubt that Klindtworth used profanity and yelled at Halldorson in an intimidating manner. The district court also found that Halldorson felt threatened because of the history between the parties and that her fear was reasonable. Because Klindtworth created an offensive and seriously alarming condition, the district court convicted Klindtworth of disorderly conduct. The district court sentenced Klindtworth to 30 days in jail with 20 days suspended for a period of two years. He was ordered to pay $1,000 in fines, with $500 suspended, and $225 in fees. He was also ordered to obtain an anger management assessment and to follow through on any recommendation, and he was ordered to have no contact with Halldorson or her husband, her family, or their visitors. Klindtworth appeals.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b), and this Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. §§ 29–01–12 and 29–28–06.

II

[¶ 7] Klindtworth argues there was insufficient evidence to support a conviction for disorderly conduct.

[¶ 8] This Court's review of the sufficiency of the evidence is limited. *State v. Carriere*, 545 N.W.2d 773, 776 (N.D.1996). We look only to the evidence most favorable to the verdict and to any reasonable inferences to see whether there is substantial evidence to warrant a conviction. *State v. Charette*, 2004 ND 187, ¶ 7, 687 N.W.2d 484. A conviction is based upon insufficient evidence only when no rational fact-finder could find the defendant guilty beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all reasonable inferences. *Id.* This Court does not weigh conflicting evidence, nor does it

judge the credibility of the witnesses. *Id.* A fact-finder may conclude the evidence is clear and convincing or clear beyond a reasonable doubt even if there is conflicting testimony or other explanations of the evidence. *Id.* " 'A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts, and will not be disturbed on appeal unless it is unwarranted.' " *Id.* (quoting *State v. Steinbach,* 1998 ND 18, ¶ 16, 575 N.W.2d 193).

### III

[¶ 9] Klindtworth argues that even if he did use profanity, his words and actions do not constitute disorderly conduct. The portion of the disorderly conduct statute with which Klindtworth was charged states:

An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:

. . . .

g. Creates a hazardous, physically offensive, or seriously alarming condition by any act that serves no legitimate purpose; or

h. Engages in harassing conduct by means of intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person.

N.D.C.C. § 12.1–31–01(1).

[¶ 10] Klindtworth argues there was a dispute about whether he used profanity. We do not weigh conflicting evidence, however, nor do we judge the credibility of the witnesses. *Charette,* 2004 ND 187, ¶ 7, 687 N.W.2d 484. On a sufficiency-of-the-evidence appeal, " 'we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine if there is substantial evidence to warrant a conviction.' " *State v. Klose,* 2003 ND 39, ¶ 19, 657 N.W.2d 276 (quoting *State v. Hatch,* 346 N.W.2d 268, 277 (N.D. 1984)).

[¶ 11] A victim's alarm or fear is an element of disorderly conduct only if the defendant is charged with those parts of the statute that refer to it. In this case, Klindtworth was convicted under N.D.C.C. § 12.1–31–01(1)(g) for creating an offensive and seriously alarming condition by an act that served no legitimate purpose. We must, therefore, analyze whether Klindtworth created an alarming condition.

[¶ 12] Halldorson testified that she felt terrorized and became frightened because she remembered the incident when Klindtworth shot her husband. Halldorson testified that she thought to herself, "Oh, man here we go again," and she "freaked out." The district court considered the history of the parties and determined it was reasonable that Halldorson became seriously alarmed because of Klindtworth's use of profanity, his yelling, and the similar circumstances that had given rise to the shooting incident.

[¶ 13] An objective standard is used to determine whether the person's conduct alarms another individual. *State v. Bryan,* 259 Kan. 143, 910 P.2d 212, 220 (1996); *City of Bismarck v. Travis,* 154 N.W.2d 918, 923 (N.D.1967) (Knudson, J., dissenting). Determining the reasonableness of a person's fear in a disorderly conduct case is analogous to the standard used in domestic violence cases. This Court has held in domestic violence cases that past actions are relevant in assisting a court's determination of whether a person's fear is reasonable. *Lovcik v. Ellingson,* 1997 ND 201, ¶¶ 13, 16, 569 N.W.2d 697; *see also Steckler v. Steckler,* 492

N.W.2d 76 (N.D.1992) (what happened in the past is relevant evidence of what might occur in the future and whether domestic violence is actual or imminent).

[¶ 14] The district court properly considered Klindtworth's conduct toward Halldorson's husband in determining whether it was reasonable that Halldorson became seriously alarmed when Klindtworth yelled profanities at her and ordered her to clean his yard. The State produced sufficient evidence to sustain a disorderly conduct conviction by showing a reasonable person would have become alarmed by Klindtworth's actions in light of his past reckless endangerment conviction.

[¶ 15] The judgment of conviction of the district court is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.