2007 ND 61

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Teddy M. HELTON, Jr., Defendant and Appellant.**

**No. 20060311.**

Supreme Court of North Dakota.

May 1, 2007.

Elton Ray Anson, Assistant State's Attorney, Hettinger, ND, for plaintiff and appellee.

Kevin McCabe, Office of Public Defender, Dickinson, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Teddy M. Helton, Jr., appeals from a November 3, 2006 criminal judgment entered upon a jury verdict finding him guilty of delivering alcohol to a minor, a class A misdemeanor under N.D.C.C. § 5–01–09. We conclude competent evidence supports the jury's verdict and affirm the criminal judgment.

## I

[¶ 2] At trial, the evidence established that two minors gave Helton a ten dollar bill and asked him to buy them alcohol, that Helton took the money and purchased a bottle of vodka, and that the minors ended up with at least some of the alcohol. The minors testified they did not dare get the alcohol from Helton the day he purchased it for fear of getting caught, asking Helton to keep it for them until the following night. Helton testified that even though he used the minors' money, he told them he was keeping the alcohol for himself and would repay the money. One of the minors testified she thought Helton was joking about keeping the alcohol. Helton testified he subsequently drank half of the vodka before placing it with the possessions he had in storage. The minors testified that the next day, they went to the garage where Helton was storing his possessions, searched until they found the vodka, and drank the remainder of it. The minors testified they had the owner's permission to enter the garage, but did not have permission to search through Helton's possessions, nor did they know for certain the alcohol would be found there. However, both testified Helton was going to hold the alcohol until they could pick it up and both knew where Helton kept his belongings. Helton testified that he never repaid the money to the minors.

[¶ 3] Helton moved for a judgment of acquittal under N.D.R.Crim.P. 29. The district court denied Helton's motions, and the jury convicted Helton of delivering alcohol to a minor under N.D.C.C. § 5–01–09. On appeal, Helton argues the evidence was insufficient to convict him.

## II

[¶ 4] Helton's motions for judgment of acquittal under N.D.R.Crim.P. 29 preserved the issue of the sufficiency of the evidence. *See State v. Igou*, 2005 ND 16, ¶ 4, 691 N.W.2d 213. In reviewing challenges to the sufficiency of the evidence, "this Court merely reviews the record to determine if there is competent evidence that allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *Id.* at ¶ 5. The defendant has the burden to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *Id.* "A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.*

[¶ 5] Section 5–01–09, N.D.C.C., provides:

Any person knowingly delivering alcoholic beverages to a person under twenty-one years of age, except as allowed under section 5–02–06, or to a habitual drunkard, an incompetent, or an obviously intoxicated person is guilty of a class A misdemeanor, subject to sections 5–01–08, 5–01–08.1, and 5–01–08.2.

[¶ 6] The district court used N.D.C.C. § 19–03.1–01(8) to instruct the jury that " 'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another." This instruction became the law of the case due to the lack of objection by either party. *Delzer v. United Bank of Bismarck*, 527 N.W.2d 650, 654 (N.D.1995) (citation omitted).

[¶ 7] Helton argues the evidence failed to establish delivery because he did not actually physically transfer alcohol to the minors. To sustain a conviction under N.D.C.C. § 5–01–09 using the definition of delivery used by the district

court, it is not necessary for the State to show actual physical delivery of alcohol to the minor. The statutory definition of delivery encompasses more than actual, direct physical transfers; it includes constructive and attempted transfers as well. Delivery may be accomplished by making something available to someone, even though there is no direct transfer from one person to the next. *Valladares v. State,* 800 S.W.2d 274, 277 (Tex.App.1990).

[¶ 8] Helton's burden on appeal is to show the evidence, when viewed in the light most favorable to the verdict, permitted no reasonable inference of his guilt. Helton admitted he "was asked to buy alcohol for [the minors]" because "they wanted alcohol." After he purchased the alcohol, the minors testified they did not want it that night for fear of getting in trouble. From this evidence, the jury could infer Helton attempted to transfer the alcohol to the minors. Helton argues he did not make a delivery because the minors went through his possessions and took the alcohol without his permission. Helton admitted the minors likely thought he was holding the bottle until they were ready for it. Both minors testified that they believed Helton was holding the vodka for them and that they knew where he stored all of his possessions. They also testified they had the means of gaining access to Helton's possessions. Therefore, competent evidence exists upon which the jury could have reasonably inferred Helton constructively delivered or attempted to transfer alcohol to a minor.

[¶ 9] Helton has not met his burden of showing the evidence, when viewed in a light most favorable to his guilty verdict, permitted no reasonable inference of guilt. We conclude competent evidence supports the jury's verdict and affirm the criminal judgment.

[¶ 10] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.