# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 96

State of North Dakota,                                    Plaintiff and Appellee

v.

Randy Joseph Houle,                                    Defendant and Appellant

## No. 20210331

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Randy Joseph Houle appeals from a criminal judgment entered after a jury found him guilty of aggravated assault and false information to law enforcement. On appeal, Houle argues the district court erred in improperly instructing the jury regarding circumstantial evidence. We affirm.

I

[¶2]   On September 11, 2020, Houle was charged with aggravated assault, criminal attempt, and false information to law enforcement.  A jury trial was held in November 2021.

[¶3]   Before trial, Houle submitted an amended pre-trial memorandum. Included in Houle's memorandum were the Defendant's Proposed Jury Instructions. Houle's requested instructions consisted of the North Dakota pattern instruction numbers and titles. One of the instructions Houle requested was pattern instruction K-5.16, regarding the jury's use of direct and circumstantial evidence. The State similarly requested pattern instruction K-5.16. The district court included the language as provided in the pattern instruction. Houle was provided a set of the jury instructions on the first day of trial and had an opportunity to object to the instruction or to request further jury instructions. Houle was given another opportunity to address the court regarding jury instructions after the parties rested. Houle did not object to the instructions he requested or request any further instruction regarding the use of circumstantial evidence prior to the instructions being read to the jury.

[¶4]   The charge of criminal attempt was dismissed following Houle's N.D.R.Crim.P. 29 motion after the State's case in chief. The jury convicted Houle of the remaining charges of aggravated assault and false information to law enforcement. Houle was sentenced to five years with one year suspended and credit for time served.

[¶5]   On appeal, Houle contends the district court failed to properly instruct the jury. He argues the court's failure to include the following language in the instruction on direct and circumstantial evidence affected his substantial rights:

> A person can be convicted on circumstantial evidence alone if the circumstantial evidence is consistent. If one piece of circumstantial evidence contradicts another piece of circumstantial evidence, the circumstantial evidence is not consistent. You can convict a person on circumstantial evidence alone if the circumstances proved exclude every reasonable theory except that the accused is guilty.

Houle argues this instruction was recently used in another case in district court. However, Houle provides no citation to a case where this Court, or any other appellate court, has considered the use of the suggested jury instruction language.

[¶6]   The State argues Houle's asserted "exclude every reasonable theory" instruction is disfavored and there was no error in the jury instructions as given, relying in part on *Holland v. United States*, 348 U.S. 121 (1954). There, the petitioners claimed the jury instructions were erroneous where the trial court refused "to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt." *Id*. at 139. The United States Supreme Court stated, "There is some support for this type of instruction in the lower court decisions, but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." *Id*. at 139-40 (internal citations omitted). The Court concluded that circumstantial evidence "is intrinsically no different from testimonial evidence," and if the jury finds the defendant guilty beyond a reasonable doubt, "we can require no more." *Id*. at 140.

[¶7]   We need not address either argument. The district court used the instruction on circumstantial evidence requested by Houle. The jury instructions were discussed at trial. Houle did not object to the jury

instructions or request any additional instructions. Rather, Houle agreed to the jury instructions; therefore, any error alleged was waived, and the obvious error analysis under N.D.R.Crim.P. 52(b) does not apply. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v. Rende*, 2018 ND 56, ¶ 9, 907 N.W.2d 361 (quoting *State v. White Bird,* 2015 ND 41, ¶ 23, 858 N.W.2d 642); *see also State v. Watkins,* 2017 ND 165, ¶ 14, 898 N.W.2d 442 (stating defendant cannot seek reversal based on an error he invited by agreeing to the content of a jury verdict form). The "invited error doctrine" applies unless a constitutional error is structural, but few constitutional errors qualify as structural. *White Bird,* at ¶ 24; *see also United States v. Marcus*, 560 U.S. 258, 263 (2010) (discussing short list of recognized structural errors, of which the only jury instruction noted is an erroneous reasonable doubt instruction). Houle concedes any alleged error was not constitutional in nature. Houle may not now seek reversal based on an error he invited.

## III

[¶8]   The criminal judgment is affirmed.

[¶9]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte