# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 120

State of North Dakota,                                    Plaintiff and Appellee

     v.

Regina Deanne Goodale,                            Defendant and Appellant

## No. 20230373

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Rozanna C. Larson, State's Attorney, Minot, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Regina Goodale appeals from a judgment entered following a jury verdict finding her guilty of accomplice to murder—extreme indifference for the murder of her husband. On appeal, Goodale asserts the jury instructions were improper, there was insufficient evidence to support the jury's verdict of guilty, the district court erred in permitting the State to join her and Mathew Anderson's cases for trial, and the court imposed an illegal sentence under N.D.C.C. § 12.1-03-01. We affirm.

I

[¶2]   In June 2022, the State charged Goodale with accomplice to murder—extreme indifference, a class AA felony, in violation of N.D.C.C. § 12.1-16-01(1)(b). The State moved to join Anderson's and Goodale's cases under N.D.R.Crim.P. 8 and 13. Anderson was alleged to be the individual who killed the victim. Goodale did not respond and the district court permitted the joinder.

[¶3]   During the trial, the State provided testimony from several witnesses, including acquaintances of Goodale, the investigating officer, and her co-defendant, Whitney Racine. At the close of the State's case, Goodale moved the district court for a judgment of acquittal under N.D.R.Crim.P. 29. The court denied the motion and Goodale rested her case without presenting any additional evidence.

[¶4]   The jury instruction which defined accomplice to murder—extreme indifference read as follows:

> A person may be convicted of an offense based upon the conduct of another person when she acts with the kind of culpability required for the offense she caused the other to engage in the conduct, or with intent that an offense be committed, she commands, induces, provides, or aids the other to commit it.

A person acts with the kind of culpability required for murder under circumstances manifesting extreme indifference to the value of human life is guilty of the offense of accomplice to murder, if she causes another to engage in conduct, with the intent that an offense be committed, she intentionally commands, induces, procures, or aides another to commit it, is guilty, of being an accomplice to the commission of the offense of murder under circumstances manifesting extreme indifference to the value of human life.

[¶5] The jury instructions also required the State to prove the following essential elements:

> 1. On or about February 24, 2022, in Ward County, North Dakota, the Defendant, Regina Deanne Goodale, intentionally commanded, induced, procured or aided another to commit an offense; and
> 2. She willfully caused another to engage in conduct constituting the offense of murder under circumstances manifesting extreme indifference to the value of human life.

[¶6] The jury found Goodale guilty of accomplice to murder—extreme indifference. Goodale now appeals.

## II

[¶7] Goodale asserts the district court erred in providing the essential elements required for accomplice to murder—extreme indifference by improperly merging subsections (a) and (b) of N.D.C.C. § 12.1-03-01(1), the statute defining an accomplice. The accomplice statute, N.D.C.C. § 12.1-03-01(1), reads as follows:

> 1. A person may be convicted of an offense based upon the conduct of another person when:
>     a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;
>     b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having

2

a statutory duty to prevent its commission, he fails to make proper effort to do so; *or . . .*

(Emphasis added.)

[¶8]   We have previously recognized the following regarding jury instructions:

Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. We review jury instructions as a whole and, if the instructions, as a whole, correctly advise the jury on the law, they are sufficient although part of the instructions, standing alone, may be insufficient or erroneous.

*State v. Olander*, 1998 ND 50, ¶ 18, 575 N.W.2d 658 (internal citations omitted). "An attorney's failure to object at trial to instructions, when given the opportunity, operates as a waiver of the right to complain on appeal of instructions that either were or were not given." *Id.* at ¶ 10 (quoting *State v. McNair*, 491 N.W.2d 397, 399 (N.D. 1992)).

[¶9]   Prior to the closing arguments the parties and the district court reviewed individually each of the proposed final jury instructions, including accomplice to murder—extreme indifference. Following that review the final instructions were prepared and the parties again met with the court to approve the final instructions. After reviewing the final jury instructions, the court inquired whether the instructions were acceptable to which her counsel responded, "Yes." Goodale was provided with an opportunity to object to the instructions and, by answering in the affirmative that the instructions were acceptable, waived her right to complain on appeal that the instruction regarding accomplice to murder—extreme indifference incorrectly instructed the jury.

III

[¶10] Goodale asserts there was insufficient evidence to sustain the jury's verdict of guilty because the State failed to prove causation between the actions of Goodale and the victim's death. This Court applies the following standard of review for issues of sufficiency of the evidence:

> When reviewing challenges to the sufficiency of the evidence, we must view the evidence in a light most favorable to the verdict. The conviction rests on insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Geiger*, 2023 ND 222, ¶ 10, 997 N.W.2d 845 (cleaned up).

[¶11] The State charged Goodale with violating N.D.C.C. § 12.1-16-01(1)(b), accomplice to murder—extreme indifference. The accomplice statute does not require a defendant to intend a murder be committed, only that he intends an offense. *Olson v. State*, 2019 ND 135, ¶¶ 17-18, 927 N.W.2d 444. A person can be charged with accomplice to extreme indifference murder based on their conduct surrounding an assault under circumstances manifesting extreme indifference, which ultimately results in death, even if the victim's death was unintentional. *Id.* at ¶ 18.

[¶12] During the trial, testimony was given indicating Goodale was making statements of her wanting Anderson to beat up the victim. Racine testified on the night of the murder she contacted the victim to come to her house so Anderson could assault him. She stated she was apprehensive about doing this when Anderson "put his hands on [her] shoulders and said you can do this, it's for [Goodale]." Before sending the message to the victim, Racine contacted Goodale to ask if this was what she wanted, to which she replied yes.

[¶13] The State provided testimony of an investigating officer who stated Goodale was witnessed in Anderson's pickup truck the night of the incident, and one individual even indicated Goodale admitted to her she was present at the murder scene. The officer further testified when he interviewed the other individual present in the car at the time of the murder she heard Anderson say, "this is for [Goodale]. [Goodale] wanted you dead tonight."

[¶14] In addition to testimony, the State provided messages sent by Anderson which indicated on the night of the murder he was acting on the request of Goodale. These messages included: "[Goodale] set me up . . . what part of that

are you not understandi[n]g"; "That bitch [Goodale] set me and [Racine] up"; and "I think bec[au]se everyone was right she did Set me up she got exactly what she wanted out of m[e] im such a fool i thought she actually loved me i introduced her To all the right people and she set me up played me like a fiddle[.]"

[¶15] After viewing the evidence in a light most favorable to the verdict with the benefit of all inferences reasonably to be drawn in its favor, there was sufficient evidence presented for a rational fact finder to find Goodale guilty of accomplice to murder—extreme indifference for the murder in violation of N.D.C.C. § 12.1-16-01(1)(b).

IV

[¶16] Goodale asserts the district court erred in permitting the joinder of her and Anderson's cases.

[¶17] Under N.D.R.Crim.P. 8(b) a "complaint may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting one or more offenses." The purpose of Rule 8 is to provide judicial convenience and economy. *State v. Wamre*, 1999 ND 164, ¶ 30, 599 N.W.2d 268.

> Under Rule 14, an aggrieved defendant may seek relief from prejudicial joinder, but has the burden of demonstrating substantial prejudice from a consolidated trial. Joint trials of persons charged together with committing the same offense are the rule rather than the exception. Bare allegations that a defendant would stand a better chance of acquittal in a separate trial or that there may be some "spillover effect" from evidence against a codefendant is insufficient to compel severance.

*Id.* (cleaned up); *see* N.D.R.Crim.P. 14; *see also State v. Bingaman*, 2002 ND 202, ¶ 13, 655 N.W.2d 51 (holding in order to show obvious error, a defendant must demonstrate severe or compelling prejudice by showing his defense was irreconcilable with that of the codefendant or the jury was unable to compartmentalize the evidence).

[¶18] In July 2022, the State moved to join Anderson's and Goodale's cases under N.D.R.Crim.P. 8 and 13. Goodale did not respond and the district court permitted the joinder, finding Anderson and Goodale were alleged to have participated in the same act, transaction, and common scheme and could be joined in a single indictment.

[¶19] Goodale, as above, does not dispute this issue was not adequately preserved for appeal but asserts joining the parties constituted an obvious error. She states the joinder of cases permitted the admission of messages from Anderson as a party opponent while preventing Goodale from cross-examining him. However, we conclude no obvious error exists as it relates to the joinder motion, supported by the lack of objection relating to these messages being admitted into evidence by Goodale's attorney. The district court did not err in permitting the joinder of the defendants.

V

[¶20] Lastly, Goodale asserts the district court erred in sentencing her under N.D.C.C. § 12.1-32-09.1 since the crime of accomplice is not specifically included in the statute.

[¶21] In response, the State contends Goodale cannot directly appeal a sentence, citing the rulings in *State v. Walker*, 2010 ND 214, ¶ 22, 790 N.W.2d 484 and *State v. Nace*, 371 N.W.2d. 129, 131 (N.D. 1985), arguing these cases indicate a defendant must first make a N.D.R.Crim.P. 35 motion to correct an illegal sentence to the district court. These cases, however, do not indicate Goodale would be prevented from appealing her sentence as part of her direct appeal of her judgment. Instead, our conclusion in *Walker* indicates, "defendants may not appeal a sentence alone under N.D.C.C. § 29-28-06(5)." *Walker*, at ¶ 21.

[¶22] In her appeal, Goodale raises a number of issues relating to the district court's judgment, and is not making a delayed appeal based solely on the sentence imposed. As such, our conclusion in *State v. Thomas* would be more closely related to Goodale's appeal. 2020 ND 30, 938 N.W.2d 897. In *Thomas*, we determined "an objection is unnecessary to preserve a claim of illegal

6

sentence imposed in a criminal judgment from which an appeal may be immediately taken." *Id.* at ¶ 16. Goodale is then permitted to appeal her sentence to this Court on direct appeal.

[¶23] We conclude the sentence does not need correcting. Goodale was charged as an accomplice under N.D.C.C. § 12.1-03-01(1)(b), whereby one may be convicted of an offense based upon the conduct of another when, with the intent that an offense be committed, they aid the other to commit it. *Olson*, 2019 ND 135, ¶ 17. We have repeatedly held an accomplice is to be treated as a principal actor in the crime. *See Walker*, 2010 ND 214, ¶ 15 (holding an accomplice who obtains the money in a robbery but does not participate in the physical attack perpetrated by a principal actor can still be held accountable as a principal for robbery); *State v. Anderson*, 172 N.W.2d 597, 602 (N.D. 1969) (holding accomplices who accompany a principal and aid the principal in climbing to the roof of the building to commit a burglary can also be held accountable as a principal for said burglary).

[¶24] As N.D.C.C. § 12.1-16-01(1)(b), murder—extreme indifference is a crime contemplated by N.D.C.C. § 12.1-32-09.1 as an offense, which is not eligible for release until eighty–five percent of the sentence imposed has been served, an accomplice to this offense would be subject to the same release terms. The district court did not err in sentencing Goodale under N.D.C.C. § 12.1-32-09.1.

VI

[¶25] We conclude the district court erred in using "and" instead of "or" in the jury instructions for an accomplice; however, in the given case, this error is harmless as it increased the burden to the State and did not prejudice Goodale. We further conclude sufficient evidence was presented to the jury to convict Goodale of accomplice to murder—extreme indifference and the court did not err in permitting the joinder of the defendants or in sentencing Goodale under N.D.C.C. § 12.1-32-09.1. We affirm the judgment of conviction.

[¶26] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr