# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 117

City of Grand Forks,                                        Plaintiff and Appellee

     v.

Roland Clifford Riemers,                          Defendant and Appellant

### No. 20230366

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Marcus C. Skonieczny (argued) and Joseph E. Quinn (on brief), Grand Forks, N.D., for plaintiff and appellee.

Roland C. Riemers, self-represented, Grand Forks, N.D., defendant and appellant.

## City of Grand Forks v. Riemers
## No. 20230366

**Tufte, Justice.**

[¶1]    Roland Riemers appeals from a criminal judgment entered after a jury found him guilty of disorderly conduct. On appeal, he argues the court lacked jurisdiction because his due process rights were violated when the complaint was not properly notarized and the information filed by the City was never served on him. He also argues the court erred by allowing the City to prosecute him under a city ordinance instead of state law and by not ruling or instructing the jury that it is a statutory right to conduct a citizen's arrest for an infraction. He further argues the court and jury erred because no victim was identified and a person must be injured to charge disorderly conduct. Last, he argues the jury erred because there was not sufficient evidence for a conviction. We affirm.

I

[¶2]    Roland Riemers observed a train blocking a street for longer than twenty minutes, which he knew was a violation of a city ordinance. As the train started to leave the city, he pursued the train and parked his car approximately twenty-five feet from the tracks. The train stopped, and Riemers approached the train and informed the BNSF employees the train was violating city ordinance. Then, the BNSF employees and Riemers both called the police, and one employee left the train to ascertain Riemers' license plate number. Riemers decided to place the employee under citizen's arrest and ignite a road flare, which he leaned against the railroad tracks. Police arrived and Riemers was charged with disorderly conduct.

[¶3]    Riemers transferred the case from Grand Forks Municipal Court to District Court for a jury trial under N.D.C.C. § 40-18-15.1. At trial, a jury found him guilty of disorderly conduct under Grand Forks City Code § 9-0107. He appeals.

II

[¶4]    Riemers argues the district court lacked jurisdiction because the uniform complaint was not notarized or sworn to under N.D.R.Crim.P. 3 and the information filed in district court was not served on him under N.D.R.Crim.P. 49. Either a uniform complaint transferred from municipal court or an information is sufficient to commence a misdemeanor criminal prosecution in district court. N.D.C.C. § 29-04-05; N.D.R.Crim.P. 7(a)(2).

1

[¶5]    Whether the district court lacks jurisdiction because the City did not follow procedure when filing the criminal information is a question of law fully reviewable on appeal. *State v. Arot*, 2013 ND 182, ¶ 7, 838 N.W.2d 409.

[¶6]    Riemers argues that he was not served properly with the criminal information under N.D.R.Crim.P. 49(a), which requires "[a] party must serve on every other party any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar document."

[¶7]    Under section 29-01-13(4), N.D.C.C., an information is "an accusation in writing, in form and substance like an indictment for the same offense, charging a person with a crime or public offense, signed and verified by some person and presented to the district court and filed in the office of the clerk of said court." It is not a written motion or any other document subject to Rule 49(a).

[¶8]    Riemers transferred the case from municipal court to district court under N.D.C.C. § 40-18-15.1. After a case is transferred to district court, if a criminal information is filed, it is by itself sufficient to initiate prosecution. N.D.C.C. § 29-04-05. Once an information is filed, the court may issue a warrant for arrest or a summons to appear to the named defendant. N.D.R.Crim.P. 9(a) and (b). Then arraignment occurs in open court, and under N.D.R.Crim.P. 10, the court ensures a defendant has a copy of the information and the information is read. The City was not required under N.D.R.Crim.P. 49 to serve the criminal information. The City was only required to file the criminal information, which would be provided and read to the Defendant at arraignment. The district court did not lack jurisdiction because the information was not served on Riemers under N.D.R.Crim.P. 49(a).

[¶9]    Having determined that the information was sufficient to initiate the charges and service on Riemers was not required to provide the district court with jurisdiction, we need not address Riemers's argument about the uniform complaint.

III

[¶10]   Riemers argues he should have been prosecuted for disorderly conduct under state law and not city ordinance because N.D.C.C. § 12.1-01-05 states that crimes defined by state law shall not be superseded by city ordinance.

[¶11] Whether a person may be prosecuted under city ordinance rather than state law is a question of law fully reviewable on appeal. *State v. Linner*, 2023 ND 57, ¶ 21, 988 N.W.2d 586.

[¶12] Section 12.1-01-05, N.D.C.C., states, "This section does not preclude any city or county from enacting any ordinance containing penal language when otherwise authorized to do so by law." We have held that a city may prosecute disorderly conduct under its own ordinance when the ordinance does not supersede a state statute. *City of Bismarck v. Schoppert*, 450 N.W.2d 757, 758 (N.D. 1990). A city ordinance does not supersede state statute when it prohibits only conduct which is prohibited by state statute. *Id.* Here, the state statute and city code are in relevant part similar.

> An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:
> a.  Engages in fighting, or in violent, tumultuous, or threatening behavior;
> . . . .
> d.  Obstructs vehicular or pedestrian traffic or the use of a public facility;
> . . . .
> g.  Creates a hazardous, physically offensive, or seriously alarming condition by any act that serves no legitimate purpose[.]

N.D.C.C. § 12.1-31-01(1).

> It is unlawful for any person to conduct himself or herself in a disorderly manner if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed or alarmed by said person's behavior, the person:
> > (1)  Engages in fighting, or in violent, tumultuous or threatening behavior;
> > . . . .
> > (5)  Obstructs vehicular or pedestrian traffic, or the use of a public facility;
> > . . . .
> > (8)  Creates a hazardous, physically offensive, or seriously alarming condition by an act which serves no legitimate purpose.

G.F.C.C. § 9-0107. As they relate to the arguments presented here, the wording of the ordinance and statute is identical. The city code prohibits only conduct also prohibited by state law, and thus the City may prosecute disorderly conduct under its own ordinance.

3

## IV

[¶13]  Riemers argues the district court erred by not instructing the jury that a person has a statutory right to conduct a citizen's arrest.

[¶14]  The district court decided to include a mistake of law instruction because Riemers testified that he believed G.F.C.C. § 8-1002 could be enforced against the railroad when a train held up traffic for longer than ten minutes and that he could make a citizen's arrest for violation of that ordinance. When asked if he had comments or requests for additional instructions, Riemers stated, "I'm satisfied with them, Your Honor." Therefore, any claim of error was waived, and we do not review further. *State v. Houle,* 2022 ND 96, ¶ 7, 974 N.W.2d 401.

## V

[¶15]  Reimers argues the City's disorderly conduct ordinance, G.F.C.C. § 9-0107, requires a "victim," but the criminal information did not identify a "victim."

[¶16]  "To satisfy Sixth Amendment standards, a criminal information is sufficient if it is specific enough to advise the defendant of the charge against him, to enable him to prepare for trial, and to plead the result in bar of a subsequent prosecution for the same offense." *State v. Kirkpatrick,* 2012 ND 229, ¶ 22, 822 N.W.2d 851 (quoting *City of Grand Forks v. Mata,* 517 N.W.2d 626, 628 (N.D. 1994)).

[¶17]  The requirements of a criminal information are set forth in N.D.R.Crim.P. 7(c)(1), which provides:

> The indictment or the information must name or otherwise identify the defendant, and must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged. It must be signed by the prosecuting attorney. Except for appeals from municipal court and municipal ordinance cases transferred under N.D.C.C. § 40-18-06.2, all prosecutions must be carried on in the name and by the authority of the State of North Dakota and must conclude "against the peace and dignity of the State of North Dakota." Except as required by this rule, the indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement…. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated.

4

We have explained:

> It is not necessary to state in an information the details of the acts which constitute the crime charged when the essential elements of the crime are set forth sufficiently to enable a person of common understanding to know what is meant or intended. One test of the sufficiency of an information is whether it will protect the accused against a subsequent prosecution for the same offense.

*Davies v. State*, 2018 ND 211, ¶ 21, 917 N.W.2d 8 (quoting *State v. Tjaden*, 69 N.W.2d 272, 276 (N.D. 1955)). Further, a "victim's alarm or fear is an element of disorderly conduct only if the defendant is charged with those parts of the statute that refer to it." *State v. Klindtworth*, 2005 ND 18, ¶ 11, 691 N.W.2d 284.

[¶18] City ordinance § 9-0107 provides in relevant part:

> It is unlawful for any person to conduct himself or herself in a disorderly manner if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed or alarmed by said person's behavior, the person:
> 
> (1) Engages in fighting, or in violent, tumultuous or threatening behavior;
> 
> . . . .
> 
> (5) Obstructs vehicular or pedestrian traffic, or the use of a public facility;
> 
> . . . .
> 
> (8) Creates a hazardous, physically offensive, or seriously alarming condition by an act which serves no legitimate purpose.

And the information states:

> That on or about the 10th day of October, 2022, at approximately 3:21 p.m., within the City of Grand Forks, State of North Dakota, one Roland Clifford Riemers did commit the crime of Disorderly Conduct, in violation of section 9-0107 of the Grand Forks City Code, a Class B Misdemeanor, by then and there conducting himself in a disorderly manner if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person was harassed, annoyed, or alarmed, the person engaged in fighting, or in violent, tumultuous or threatening behavior; obstructed vehicular or pedestrian traffic, or the use of a public facility; made unreasonable noise; and/or created a hazardous, physically offensive, or seriously alarming condition by an act which served no legitimate purpose, to-wit: That Roland Clifford Riemers did with intent to harass, annoy, or

5

alarm, or in reckless disregard of the fact that another person was harassed, annoyed, or alarmed, park his vehicle close to railroad tracks which caused the train to stop, ignited a road flare, threw the road flare onto the railroad tracks, approached the engine car, and argued with the conductor causing the train to hold up traffic. This occurring on or near Demers Avenue and North 55th Street in the City of Grand Forks, State of North Dakota.

Here, the information is sufficient to protect Riemers from a subsequent prosecution for the same offense. The information provides the date, the approximate location, the violated ordinance, and the consequences of his actions, which impeded traffic by forcing the train to block traffic longer than necessary and alarmed the BNSF employees.

[¶19] In this case, the information charged two alternatives. The first alternative was obstruction of traffic, which does not require showing an individual victim was alarmed; instead, the City only had to prove that Riemers' conduct obstructed traffic. Traffic necessarily includes as victims the operators of the vehicles in the traffic obstructed. The second alternative charged Riemers with creating a seriously alarming condition, which we have held requires proving the victim was alarmed. *Klindtworth*, 2005 ND 18, ¶ 11. The information provided notice to Riemers by stating he created a seriously alarming condition when his actions caused the train to stop and he argued with the conductor. In general, the city ordinance criminalizes conduct which disturbs the peace, and where Riemers' conduct disturbed the peace and alarmed someone under the ordinance, the criminal information put Riemers on notice. As to his intent, Riemers testified he "knew that the only way [he] was going to get some attention from the railroad [was] to escalate it up a little bit and confront them a little bit[.]" He knew and intended that his actions would cause serious alarm to the BNSF employees operating the train.

## VI

[¶20] Riemers argues the "jury findings were not consistent with testimony" because it showed he was making a lawful citizen's arrest and thus the evidence was insufficient to convict him of disorderly conduct.

[¶21] At trial, Riemers did not move for a judgment of acquittal. "Under N.D.R.Crim.P. 29, a defendant in a criminal jury trial must move for a judgment of acquittal to preserve the issue of the sufficiency of the evidence for appeal." *State v. Rodriguez*, 2020 ND 261, ¶ 13, 952 N.W.2d 233. We may decline to review a forfeited error "when the appellant fails to argue the obvious error standard." *State v. Dahl*, 2022 ND 212, ¶ 12, 982 N.W.2d 580.

Reimers failed to argue obvious error, so we will not review his arguments asserting the evidence was insufficient to prove disorderly conduct.

VII

[¶22] The criminal judgment is affirmed.

[¶23] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr