# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 124

State of North Dakota,                                    Plaintiff and Appellee

v.

Bradley James Vervalen,                              Defendant and Appellant

## No. 20230286

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Brian D. Grosinger, State's Attorney, Rolla, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Bradley Vervalen appeals from a criminal judgment entered after a jury found him guilty of burglary and attempted murder. Vervalen argues the district court erred by failing to instruct the jury on voluntary intoxication and by providing attempted murder instructions that deviated from the murder statute, creating a nonexistent crime. We affirm.

I

[¶2]    The State charged Vervalen with burglary and attempted murder. In January 2023, the district court held a trial where the jury heard testimony that Vervalen unlawfully entered the home of the mother of their children and attacked her boyfriend, including stabbing the boyfriend multiple times with a knife. The jury found Vervalen guilty of burglary and attempted murder. The court sentenced Vervalen and entered judgment.

II

[¶3]    Vervalen argues the district court erred by failing to instruct the jury on his voluntary intoxication. Vervalen concedes he did not object to the proposed instructions or request an intoxication instruction be given to the jury. Therefore, we review only for obvious error under N.D.R.Crim.P. 52(b). *State v. Erickstad*, 2000 ND 202, ¶ 18, 620 N.W.2d 136. "To demonstrate obvious error, the defendant must show (1) an error, (2) that was plain, and (3) affected his substantial rights." *State v. Kollie*, 2023 ND 152, ¶ 4, 994 N.W.2d 367. The defendant has the burden to show he was prejudiced from the alleged error:

> In analyzing whether obvious error has occurred, we examine the entire record and the probable effect of the alleged error in light of all the evidence. In order to affect "substantial rights," an error must have been prejudicial, or affected the outcome of the proceeding. The burden is upon the defendant to show the alleged error was prejudicial. An alleged error does not constitute obvious error "unless there is a clear deviation from an applicable legal rule under current law." Even if the defendant meets his burden of establishing obvious error affecting substantial rights, the determination whether to correct the error lies within the discretion of the appellate court, and the court should exercise that discretion only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Erickstad*, at ¶ 22 (citations omitted).

[¶4]    In support of his argument, Vervalen cites N.D.C.C. § 12.1-01-03(1)(e), which provides that an "[e]lement of an offense" includes "[t]he nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue." Vervalen contends because it is undisputed he was intoxicated at the time of the offenses, the State was required to prove his intoxication did not prevent him from forming the required culpability, and the district court was required to instruct the jury on this "essential element."

[¶5]    Voluntary intoxication, however, "is not a defense to a criminal charge." N.D.C.C. § 12.1-04-02(1). "Evidence of intoxication is admissible whenever it is relevant to negate or to establish an element of the offense charged." *Id.* Therefore, while the State was required to prove culpability, *see* N.D.C.C. § 12.1-01-03(1)(c), it was not required to prove an absence of intoxication. Vervalen was allowed to present, and did present, evidence of his intoxication. We conclude the district court did not err in instructing the jury because voluntary intoxication is not a defense to the charges and Vervalen did not otherwise request an instruction on voluntary intoxication. Further, Vervalen was not prejudiced by the lack of intoxication instruction because he was not prevented from presenting evidence of his intoxication or making a closing argument that he did not form the requisite culpability due to being intoxicated. We conclude Vervalen has failed to show the court committed obvious error.

III

[¶6]    Vervalen argues the attempted murder instructions unlawfully deviated from the murder statute, creating a crime that the Legislature did not authorize.

[¶7]    The State charged Vervalen with attempted murder under N.D.C.C. §§ 12.1-06-01 and 12.1-16-01. Under N.D.C.C. § 12.1-06-01(1), "A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime." "A 'substantial step' is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime." *Id.* Under N.D.C.C. § 12.1-16-01(1)(a), a person is guilty of murder if he "[i]ntentionally or knowingly causes the death of another human being." In *Pemberton v. State*, 2021 ND 85, ¶ 13, 959 N.W.2d 891, we concluded that an attempted "knowing"

2

murder is a non-cognizable offense. Therefore, the State "must prove the accused had an intent to kill for a defendant to be convicted of attempted murder." *Id.* at ¶ 14. Accordingly, contrary to Vervalen's argument, attempted intentional murder is a criminal offense. *Id.*; N.D.C.C. §§ 12.1-06-01(1), 12.1-16-01(1)(a).

[¶8]    To the extent Vervalen challenges the attempted murder instructions, we conclude he failed to preserve the issue for appellate review. Vervalen's counsel specifically objected to the proposed final jury instructions because they contained a "knowing" culpability—in addition to the "intentional" culpability—citing *Pemberton*. The district court agreed with Vervalen that the "knowingly" language should be omitted from the jury instructions. The final instructions stated, "A person is guilty of murder if the person intentionally causes the death of another human being." The essential elements of attempted murder in the final instructions required that Vervalen "[i]ntentionally engaged in conduct which constituted a substantial step toward intentionally causing the death of another human being." When asked whether he had any other objections to these instructions, Vervalen's counsel stated, "No, Your Honor. That was it." "A party waives an error when the party is given the opportunity to address it and intentionally relinquishes the opportunity." *State v. Studhorse*, 2024 ND 110, ¶ 25. Therefore, Vervalen has waived this issue.

IV

[¶9]    The criminal judgment is affirmed.

[¶10]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr