# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 59

State of North Dakota,                                  Plaintiff and Appellee

v.

Jeffrey Alan Alg,                                       Defendant and Appellant

### No. 20240190

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Isaac O. Lees (argued) and Gabrielle J. Goter (on brief), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Per Curiam.**

[¶1]   Jeffrey Alg appeals the criminal judgment entered after a jury verdict finding him guilty of gross sexual imposition. Alg argues the district court abused its discretion when it failed to comply with Rule 24 of the North Dakota Rules of Criminal Procedure when it excused a juror and committed an obvious error in the jury instructions.

[¶2]   Alg argues the district court abused its discretion when it relied on defense counsel's acquiescence in excusing a juror without first conducting a proper determination of disqualification and by impaneling an alternate juror after deliberations began, both in violation of Rule 24 of the North Dakota Rules of Criminal Procedure. By failing to object to the use of the alternate juror, Alg failed to give the court an opportunity to rule on this issue. Alg forfeited the issue, and the issue can be reviewed only for obvious error. *See State v. Morales*, 2019 ND 206, ¶ 24, 932 N.W.2d 106. We conclude Alg failed to properly preserve the issue for appeal and did not brief the issue as an obvious error to this Court. *State v. Rourke*, 2017 ND 102, ¶ 8, 893 N.W.2d 176 (This Court "need not exercise our discretion to notice obvious error in an appeal when the defendant does not raise the issue of obvious error, because it is the defendant's burden to show an obvious error that effects a substantial right.").

[¶3]   Alg also argues the jury instructions were improper because the essential elements did not identify specific conduct and as a result, the jury was not required to be in unanimous agreement when it convicted him. Alg did not object to the instructions relevant to this issue. A defendant's decision to not object to a jury instruction when given the opportunity constitutes a waiver of the right to argue on appeal that the instruction was erroneous. *State v. Goodale*, 2024 ND 120, ¶ 9, 8 N.W.3d 271 (holding claim of error waived by answering "yes" in response to inquiry whether instructions were acceptable); *see also City of Grand Forks v. Riemers*, 2024 ND 117, ¶ 14, 8 N.W.3d 289 (holding claim of error waived by "I'm satisfied with them" in response to requests for comments or additional instructions); *State v. Studhorse*, 2024 ND 110, ¶ 25, 7 N.W.3d 253 (declining to

review a jury instruction issue waived by defendant's affirmative statement he had no request for changes to the instructions). Alg waived this issue.

[¶4] We affirm the criminal judgment under N.D.R.App.P. 35.1(a)(7).

[¶5] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr