# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 162

State of North Dakota,                                    Plaintiff and Appellee

v.

Jonathan James Guthmiller,                          Defendant and Appellant

## No. 20250085

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Andrew C. Eyre, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; on brief.

Jamie L. Schaible, Fargo, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Jonathan Guthmiller appeals from a criminal judgment entered after a jury found him guilty of failing to register as a sexual offender. He argues there is insufficient evidence to sustain the conviction. We affirm the judgment.

I

[¶2]   In September 2017, Guthmiller pled guilty to luring a minor by computer. Due to his conviction, Guthmiller was required to register as a sexual offender twice a year, in February and August. In September 2024, the State charged Guthmiller with failure to register as a sexual offender in violation of N.D.C.C. § 12.1-32-15(9) for not registering a valid phone number within three days of the effective date of the change and for failing to register altogether in August 2024.

[¶3]   Prior to trial, the State submitted proposed jury instructions that did not include the location of the offense in the essential elements. The State, citing *State v. Samaniego*, 2022 ND 38, ¶ 12, 970 N.W.2d 222, argued the location of the conduct is not an essential element of the offense. Guthmiller did not submit proposed jury instructions. He also did not object to the State's proposed jury instructions.

[¶4]   The district court held a jury trial in February 2025. Guthmiller represented himself. The day before trial, the court held a status conference. At the status conference, the court provided Guthmiller a copy of the opening instructions. The court explained each instruction to Guthmiller and then asked if he objected to the instruction. The opening instruction that identified the essential elements of the offense did not include the location of the offense. The following exchange occurred regarding that instruction:

> THE COURT: Okay. The next one is actually what the State has to prove: the registration requirement as well as the elements. The three elements that the State has to prove: that it's you, that you're required to register, and that you willfully failed to do that

with a change in a phone number or registering in August.

Do you have any objection to that? Because that is what the State has to follow in order to convince the jury of the charge. Do you understand that?

THE DEFENDANT: I do understand, yes.

THE COURT: Okay. Any objection to that, then?

THE DEFENDANT: No.

[¶5] At trial, Guthmiller did not move for an acquittal under N.D.R.Crim.P. 29. At the end of trial, the jury found Guthmiller guilty of failing to register as a sexual offender.

II

[¶6] Guthmiller argues there was insufficient evidence to convict him of failing to register as a sexual offender. Specifically, Guthmiller argues the State failed to establish the conduct occurred in Grand Forks County or the state of North Dakota. In its brief, the State notes Guthmiller did not object to the jury instruction on the essential elements of the offense, did not make a motion for acquittal under N.D.R.Crim.P. 29, and did not argue obvious error. The State requests this Court decline to review Guthmiller's alleged error when he did not raise or argue it. In his reply brief, Guthmiller argues for the first time that the instruction on the essential elements of the offense was error and requests we exercise our discretion and review the instruction for obvious error under N.D.R.Crim.P. 52(b).

A

[¶7] This Court applies the following standard of review when a defendant challenges the sufficiency of the evidence to support a jury verdict:

When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference

2

reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Noble*, 2023 ND 119, ¶ 4, 992 N.W.2d 518 (quoting *State v. Dahl*, 2022 ND 212, ¶ 5, 982 N.W.2d 580).

B

[¶8] "Under N.D.R.Crim.P. 30(c), to preserve a jury instruction issue for appellate review, a party must object on the record stating the issue 'distinctly' and specifying the grounds of his or her objection. If a party does not timely object, the issue is not preserved for review." *State v. Gaddie*, 2022 ND 44, ¶ 4, 971 N.W.2d 811. "In criminal cases, errors not raised in the district court may be either forfeited errors or waived errors." *State v. Pulkrabek*, 2022 ND 128, ¶ 7, 975 N.W.2d 572. "Forfeiture is the failure to timely assert a right, while waiver is the intentional relinquishment of a right." *Id.* (quoting *State v. Watkins*, 2017 ND 165, ¶ 12, 898 N.W.2d 442); *see also State v. White Bird*, 2015 ND 41, ¶ 24, 858 N.W.2d 642 ("A party may not later take advantage of irregularities that occur during a trial unless the party objects at the time they occur, allowing the court to take appropriate action, if possible, to remedy any prejudice that may result." (quoting *State v. Lee*, 2004 ND 176, ¶ 10, 687 N.W.2d 237)). "Rule 52(b), N.D.R.Crim.P., applies only to forfeited errors." *State v. Studhorse*, 2024 ND 110, ¶ 24, 7 N.W.3d 253. Although this Court may review forfeited errors for obvious error, *State v. Davis-Heinze*, 2022 ND 201, ¶ 6, 982 N.W.2d 1, this Court does not review waived errors, *State v. Kennedy*, 2025 ND 130, ¶ 11, 23 N.W.3d 878. "The obvious error analysis under N.D.R.Crim.P. 52(b) does not apply to errors waived through the doctrine of invited error." *State v. Wiese*, 2024 ND 39, ¶ 8, 4 N.W.3d 242 (quoting *State v. Yoney*, 2020 ND 118, ¶ 12, 943 N.W.2d 791). "The rationale for that rule precludes a defendant from inviting error in the hope that if the defendant does not prevail in the trial court, he will prevail upon appellate

3

review of the invited error." *Id.* (quoting *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502).

[¶9] Guthmiller waived his claim of error as to the jury instruction identifying the elements of the offense. The district court provided Guthmiller a copy of the opening jury instructions and explained them to him. The court specifically asked Guthmiller if he understood the challenged instruction and if he had any objection to it. Guthmiller responded that he understood the instruction and had no objection to it. "A party waives an error when the party is given the opportunity to address it and intentionally relinquishes the opportunity." *Studhorse*, 2024 ND 110, ¶ 25 (waiver when the "court asked counsel whether they wished to make any changes to the instructions, and Studhorse's counsel stated, 'I don't believe so.'"); *see also State v. Vervalen*, 2024 ND 124, ¶ 8, 8 N.W.3d 816 (party waived any error to the jury instruction when asked whether he had any other objections and responded he did not); *State v. Houle*, 2022 ND 96, ¶ 7, 974 N.W.2d 401 (any alleged error was waived when defendant did not object to the jury instructions or request any additional instructions and agreed to the jury instructions); *Yoney*, 2020 ND 118, ¶ 13 (defendant waived alleged error when the parties discussed the jury instruction and defendant agreed to the final instruction).

[¶10] Guthmiller cannot challenge the jury instruction on the essential elements of the offense when he waived the issue before the district court.

C

[¶11] Guthmiller's argument there was insufficient evidence to convict him of failing to register as a sexual offender is based on whether the State showed the conduct occurred in Grand Forks County or the state of North Dakota.

[¶12] "Unchallenged jury instructions become the law of the case." *State v. Johnson*, 2021 ND 161, ¶ 12, 964 N.W.2d 500 (quoting *State v. Aune*, 2021 ND 7, ¶ 7, 953 N.W.2d 601). Because Guthmiller waived any challenge to the instruction on the essential elements of the offense, the instruction became the law of the case, meaning the State was not required to prove the offense occurred in Grand Forks County or the state of North Dakota. *See State v. Kenny*, 2019 ND

218, ¶ 24, 932 N.W.2d 516 (unchallenged jury instructions were the law of the case for addressing sufficiency of the evidence claim); *State v. Rogers*, 2007 ND 68, ¶ 10, 730 N.W.2d 859 (stating the unchallenged "jury instruction on the definition of mental disease or defect became the law of the case" when deciding the sufficiency of the evidence); *State v. Helton*, 2007 ND 61, ¶ 6, 730 N.W.2d 610 (addressing a sufficiency of the evidence claim, this Court noted the instruction "became the law of the case due to the lack of objection by either party").

[¶13] Based on the instructions, viewing the evidence in a light most favorable to the State and giving the State the benefit of all inferences reasonably drawn in its favor, a rational fact finder could find Guthmiller guilty beyond a reasonable doubt of failing to register as a sexual offender. Therefore, sufficient evidence supports the jury's verdict convicting Guthmiller of failing to register as a sexual offender.

## III

[¶14] We affirm the criminal judgment.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr